IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. ) |
| v. | ) ) |
| CROWN CASTLE USA, INC., | ) **TRIAL BY JURY DEMANDED** ) |
| Defendants. | ) ) |

Plaintiff Teresa Wojcik ("Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, The Law Offices of Nicholas C. Syregelas, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and all other current and former Crown Castle USA, Inc. ("Crown Castle" or "Defendant), Construction Managers and other employees similarly positioned with different job titles.

2. Crown Castle is a Pennsylvania Corporation and subsidiary of Crown Castle International Corp., a Delaware Corporation. It provides owns wireless infrastructure in all 50 state.

3. Crown Castle employs Construction Mangers throughout the United States.

4. At all times relevant, it has been Crown Castle's policy to uniformly classify Construction Managers as exempt from federal and state overtime provisions and not to pay Construction Managers any overtime wages.

5. Notwithstanding the fact that Crown Castle classifies them as exempt, the primary

duties of Construction Managers are non-exempt.

6. Construction Managers do not customarily and regularly direct the work of at least two or more other full time employees or their equivalent nor do they have authority to hire or fire other employees.

7. Construction Manger's primary duty is not the performance of office or non-manual labor work directly related to the management or general business operations of Crown Castle or its customers.

8. Construction Mangers primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

9. Specifically, Construction Managers do not have authority to formulate, affect, interpret or implement management policies or operating practices, have the authority to commit Crown Castle in matters that have a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

10. Construction Manager's primary duty is to act as a liaison between independent contractors and Crown Castle's customers, following progress on construction projects through phone calls and field visits.

11. The primary duties of Construction Managers do not fall under any of the exemptions under federal or state overtime laws.

12. Construction Managers regularly work in excess of 40 hours per week. However, because, Crown Castle classifies Construction Managers as exempt, it does not pay them any overtime compensation for those hours worked over 40 in a workweek.

13. Plaintiff brings this action on behalf of herself and similarly situated current and

former employees of Crown Castle who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Crown Castle that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

14. Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all similarly situated current and former Construction Managers who worked for Crown Castle in Illinois, to remedy violations of the labor laws of Illinois, Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Illinois One Day Rest In Seven Act, 820 ILCS 140/1, *et seq.* (collectively "Illinois Wage Laws").

15. Under federal law, as well as Illinois state law, employees must be paid one and one-half times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

16. Through the conduct described in this Class and Collective Action Complaint, Crown Castle has violated federal and state law. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, brings these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which she and other Construction Managers are entitled.

## PARTIES

### Plaintiff Teresa Wojcik

17. Plaintiff Teresa Wojcik is an adult individual residing in Chicago, Illinois. Plaintiff worked for Crown Castle as a Construction out of its Chicago, Illinois location, from

approximately April, 2014 until approximately February, 2015.

18. Plaintiff regularly worked over 40 hours per workweek, with a range of 50 to 60 hours per workweek. Crown Castle never paid Plaintiff overtime premium pay.

19. Plaintiff is a covered employee within the meaning of the FLSA and Illinois Minimum Wage Law.

20. Plaintiff has consented to join this action and has completed a written consent form, a copy of which is attached as **Exhibit A** to this Class and Collective Action Complaint.

### Crown Castle USA, Inc.

21. Defendant Crown Castle USA, Inc. is a corporation organized and existing under the laws of Pennsylvania, and is headquartered in Canonsburg, PA.

22. Crown Castle International Corp., is the parent company of Crown Castle, and is organized and existing under the laws of Delaware and headquartered in Houston, TX.

23. Through its own activities in Illinois and those of its parent, agents, subsidiaries and divisions, Crown Castle has subjected itself to the jurisdiction of the state of Illinois.

24. Throughout the relevant period, Crown Castle, employed Plaintiff and similarly situated employees within the meaning of the FLSA and Illinois Wage Laws. Crown Castle has had sole or substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

25. Crown Castle is a covered employer within the meaning of the FLSA and Illinois Wage Laws, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

26. At all times relevant, Crown Castle, Inc. maintained control, oversight and

direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

27. Crown Castle employs the same policies, practices, and procedures to all Construction Managers.

28. At all times relevant, Crown Castle's annual gross volume of sales made or business done was not less than $500,000.

29. Crown Castle directly and indirectly acted in the interest of an employer toward Plaintiff and the FLSA Collective at all material times including, without limitation, controlling the terms of employment and compensation of Plaintiff and the FLSA Collective.

30. Defendants were each joint employers of Plaintiff and the FLSA Collective because each acted directly or indirectly in the interest of the other in relation to Plaintiff and the FLSA Collective.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

32. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

33. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims in this Collective and Class Action Complaint took place in this judicial district and because it is where Defendant resides.

34. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

35. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Crown Castle as Construction Managers at any location in the United States, within the time limitation as of the date of filing, who elect to opt-in to this action (the "FLSA Collective").

36. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Crown Castle, and/or Crown Castle has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

37. As part of its regular business practice, Crown Castle has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Crown Castle.

38. Crown Castle is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

39. Plaintiff and the FLSA Collective all perform or performed the same primary

duty.

40. Crown Castle's unlawful conduct has been widespread, repeated, and consistent.

## CLASS-WIDE FACTUAL ALLEGATIONS

41. Plaintiff brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons who work or have worked for Crown Castle as Construction Managers (or in comparable roles with different titles) in Illinois within the time limitation as of the date of filing (the "Illinois Class").

42. Excluded from the Illinois Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

43. The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

44. Defendants acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

45. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

 (a) whether Defendants violated the Illinois Wage Laws as alleged herein;

 (b) whether Defendants misclassified Plaintiff and the Illinois Class as exempt employees of Defendants pursuant to 820 ILCS 105/3(d) and 820 ILCS 115/2 and supporting IDOL regulations;

 (c) whether Defendants violated Illinois law pursuant to 820 ILCS 105/4a by failing and/or refusing to pay Plaintiff and the Illinois Class earned overtime pay for hours worked in excess of 40 hours per workweek; whether Defendants' policy of failing to pay Plaintiff and the members of the Illinois Class was instituted willfully or in reckless disregard of the law;

 (d) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Illinois Class, and other records required by the Illinois Wage Laws;

 (e) whether Defendants failed to comply with the posting and notice requirements of the Illinois Wage Laws;

 (f) the nature and extent of class-wide injury and the measure of damages for those injuries.

46. Plaintiff's claims are typical of the claims of the Illinois Class. Plaintiff and all members of the Illinois Class work, or have worked, for Crown Castle as Construction Managers in Illinois.

47. Plaintiff and members of the Illinois Class enjoy the same statutory rights under the IMWL to be paid overtime wages. Plaintiff and Illinois Class Members have all sustained similar types of damages as a result of Crown Castle's failure to comply with the IMWL. Plaintiff and the members of the Illinois Class have all been injured in that they have been uncompensated or under-compensated due to Crown Castle's common policies, practices, and patterns of conduct.

48. Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

49. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class. Plaintiff understands that, as the class representative, she assumes a fiduciary

responsibility to the Illinois Class to represent its interests fairly and adequately. Plaintiff recognizes that as the class representative, she must represent and consider the interests of the Illinois Class just as she would represent and consider her own interests.

50. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Illinois Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class.

51. Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. There is no conflict between Plaintiff and the Illinois Class.

52. Plaintiff has retained counsel competent and experienced to perform complex class action employment litigation.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Crown Castle's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Crown Castle's practices.

## COMMON FACTUAL ALLEGATIONS

54. At all relevant times, Plaintiff, the members of the Illinois Class, and the FLSA Collective (collectively "Class Members") worked as Construction Managers for Crown Castle.

55. Throughout their employment with Crown Castle, Plaintiff and the Class Members consistently worked more than 40 hours per workweek.

56. Crown Castle was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet it failed to pay them any overtime compensation for any hours worked over 40 in a workweek

57. Crown Castle did not keep accurate records of hours worked by Plaintiff and the Class Members. That is, Plaintiff's and the Class Members' hours are not recorded on paystubs, and Plaintiff and the Class Members were never required to clock in or out, or otherwise record their time.

58. Plaintiff's and the Class Members' primary duties were non-exempt duties.

59. Plaintiff and the Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Crown Castle. Plaintiff and the Class Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

60. Plaintiff's and Class Members' duties did not include managerial responsibilities or the exercise of independent judgment. Plaintiff and the Class Members did not determine local staffing levels, decide what products and services were to be sold or make any other major strategic or business decisions of any Crown Castle business division.

61. Construction Managers' presence at applicant interviews was not required, expected or allowed and there opinion on hiring was not given any weight.

62. Upon information and belief, the decision to classify Plaintiff and the Class Members as exempt was made centrally, and not on a person-by-person basis.

63. Crown Castle controlled and directed the performance of Plaintiff's and the Class Members' work.

64. Crown Castle's violations have been willful and intentional. While it has known that Plaintiff and other Construction Managers performed non-exempt duties as their primary duties and regularly worked more than forty hours per workweek, it classified Construction Managers as exempt and failed to pay them overtime for the hours they worked over 40 in a workweek.

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**

**On Behalf of Plaintiff and the FLSA Collective**

65. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

66. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

67. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69. At all times relevant, Defendant has been employers of Plaintiff and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendants and protect Plaintiff and the FLSA Collective.

71. Defendants have failed to pay Plaintiff and the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a workweek and to which they are entitled under the FLSA.

72. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

75. Based on the foregoing, Defendants' willful conduct in this regard entitles Plaintiff and all other similarly situated Construction Managers who opt into this litigation to

compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Illinois Wage Laws**
**820 ILCS 105/4a** *et seq*; **56 Ill. Admin. Code §210.400** *et seq.*; **820 ILCS 115/1,** *et seq.*;
**820 ILCS 140/1,** *et seq.*

### On Behalf of Plaintiff and the Illinois Class

76. Plaintiff, on behalf of herself and the Illinois Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the Illinois Wage Laws.

78. At all relevant times, Defendant has been, and continues to be, and employer within the meaning of the Illinois Wage Laws. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Illinois Class, within the meaning of the Illinois Wage Laws.

79. Plaintiff and the members of the Illinois Class are covered by the Illinois Wage Laws.

80. The Illinois Wage Laws require employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

81. Throughout the Illinois Class period, and continuing through the present, Plaintiff and the Illinois Class regularly worked in excess of forty hours in a workweek. Plaintiff and the members of the Illinois Class were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

82. Defendants failed to pay Plaintiff and the Illinois Class earned overtime wages at a wage rate of one and one-half times their regular rate to which they are entitled under the Illinois Wage Laws.

83. Defendant failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Illinois Class as required by the Illinois Wage Laws.

84. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Illinois Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

    a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    b. Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

    c. Designation of Plaintiff as Class Representative;

    d. A declaratory judgment that the practices complained of herein are unlawful under appropriate Illinois state law;

    e. Appropriate equitable and injunctive relief to remedy Defendants' violations of federal and state law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

    f. Unpaid overtime wages under the Fair Labor Standards Act and the Illinois Wage Laws;

    g.    Liquidated damages under the Fair Labor Standards Act and the Illinois Wage Laws;

    h.    Pre-Judgment and Post-Judgment interest, as provided by law;

    i.    A reasonable incentive award for the Plaintiff to compensate her for the time and effort she spent protecting the interests of other Construction Managers, and the risks she undertook.

    j.    Attorneys' fees and costs under the Fair Labor Standards Act and the Illinois Wage Laws; and

    k.    Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/

Nicholas C. Syregelas
Kyle R. Kasmarick

The Law Offices of Nicholas C. Syregelas
Nicholas C. Syregelas
Kyle R. Kasmarick
19 N. Green St.
Chicago, IL 60607
312-243-0900
312-243-0901 (f)