UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:15-cv-02612 |
| v. ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE ILLINOIS
WAGE PAYMENT AND COLLECTION ACT, THE ONE DAY REST IN SEVEN ACT,
AND CLAIMS FOR DECLARATORY, EQUITABLE, AND INJUNCTIVE RELIEF**

In Count II of the Complaint, Plaintiff TERESA WOJCIK ("Plaintiff") asserts claims under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, and the One Day Rest In Seven Act ("ODRISA"), 820 ILCS § 140/1 *et seq.* against Defendant CROWN CASTLE USA INC. (incorrectly named in caption as "Crown Castle USA, Inc.") ("Crown Castle"). This Court should dismiss Plaintiff's IWPCA and ODRISA claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not alleged facts sufficient to support these claims.

The Complaint also seeks declaratory, equitable, and injunctive relief against Crown Castle, yet Plaintiff avers that her employment with Crown Castle ended in February 2015. Because Plaintiff is not currently employed with Crown Castle, she lacks standing to assert claims for declaratory, equitable, and injunctive relief. Accordingly, this Court should dismiss Plaintiff's claims for declaratory, equitable, and injunctive relief with prejudice under Federal Rule of Civil Procedure 12(b)(1).

## STATEMENT OF RELEVANT FACTS[1]

Crown Castle provides wireless infrastructure services nationwide. (Compl. ¶ 2.) Plaintiff worked for Crown Castle as a Construction Manager in Chicago, Illinois from approximately April 2014 to approximately February 2015. (*Id.* at ¶ 17.) On behalf of Plaintiff and similarly-situated employees, the Complaint alleges that Crown Castle misclassified its Construction Managers as exempt from overtime pay. (*Id.* at ¶¶ 5, 58-64.) The Complaint further alleges that Plaintiff and other similarly-situated employees worked more than 40 hours per workweek (*id.* at ¶¶ 18, 55) and Crown Castle was aware that they worked more than 40 hours per workweek but did not pay them overtime compensation. (*Id.* at ¶¶ 56, 64.)

The Complaint's "First Cause of Action" purports to bring a nationwide collective action for alleged violations of the Fair Labor Standards Act ("FLSA"). (*Id.* at ¶¶ 65-75.) The Complaint's "Second Cause of Action" purports to bring a statewide class action for alleged violations of the Illinois Minimum Wage Law ("IMWL"), the IWPCA, and the ODRISA. (*Id.* at ¶¶ 76-84.) The Complaint seeks damages including declaratory, equitable, and injunctive relief, unpaid overtime wages, liquidated damages, pre- and post- judgment interest, an incentive award to Plaintiff, and attorneys' fees and costs. (*Id.* at "Demand for Relief.")

## APPLICABLE LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal where a plaintiff's complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must "plead[] factual content that allows the court to draw the reasonable

---

[1] For the purposes of this motion only, pursuant to applicable law, the facts as alleged in the Complaint are taken as true. Crown Castle reserves and does not waive its right to dispute the facts alleged in the Complaint at any later point in this proceeding.

inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, the complaint must raise the possibility that the plaintiff has a right to relief above "a speculative level." *EEOC v. Concentra Health Care Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856, 862 (7th Cir.1996). To survive a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003). In other words, the plaintiff is required to show she meets all the elements necessary for standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

### ARGUMENT

**A.  The Complaint Fails To State A Claim Under The IWPCA Because It Does Not Allege Any Contract Or Agreement Providing For Overtime Pay.**

As this Court recently held in *Hoffman v. RoadLink Workforce Solutions*, an IWPCA claim for unpaid overtime must sufficiently allege that a contract or agreement required defendant to pay the alleged overtime to the plaintiff. No. 12 C 7323, 2014 WL 3808938, at *4 (N.D. Ill. Aug. 1, 2014) (Feinerman, J.). In so holding, this Court recognized that the IWPCA does not create a substantive right to payment for any wages. Rather, the plain language of the statute defines "wages" to be only compensation that is "owed an employee by an employer *pursuant to an employment contract or agreement* between the 2 parties." *Id.* (quoting 820 ILCS § 115/2) (emphasis in original); *see also Almy v. Kickert Sch. Bus Line, Inc.*, 722 F.3d 1069, 1075 (7th Cir. 2013) (the IWPCA "entitles workers only to the compensation owed under the employment agreement"); *Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (rejecting

3

IWCPA claim for unpaid bonus pay, among other reasons, because no contract or agreement governed the terms of the bonus).

Numerous other courts in this jurisdiction have readily dismissed IWPCA claims where the complaint fails to allege that the defendant owed compensation under a contract or agreement with the plaintiff. Moreover, a plaintiff cannot use the IWPCA to impermissibly extend the statute of limitations for other wage claims, such as overtime claims under the FLSA or the IMWL. *See, e.g.*, *DeMarco v. Northwestern Memorial Healthcare*, No. 10 C 397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) ("Absent evidence of such an agreement, [plaintiff's] claim that the IWPCA requires overtime pay for unrecorded hours fails as a matter of law."); *Brand v. Comcast Corp.*, No. 12 CV 1122, 2013 WL 1499008, at *8 (N.D. Ill. Apr. 11, 2013) ("[T]o the extent [plaintiff] alleges that [defendant] failed to pay its employees overtime at a rate of one and one-half times the regular rate, the correct route to redress is through his FLSA and IMWL claims."); *Smith v. C.H. James Restaurant Holdings, LLC*, No. 11 C 5545, 2012 WL 255806, at * 2 (N.D. Ill Jan. 26, 2012); *Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 WL 1378667, at *3 (N.D. Ill. Apr. 20, 2012); *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) ("The respective statute of limitations for [the FLSA and IMWL] . . . have expired. [The plaintiff] cannot use the IWPCA claim to extend her statute of limitations to five years.").

Here, the Complaint lacks any mention of a contract or agreement providing for overtime pay between Plaintiff (or any similarly-situated employees) and Crown Castle. Plaintiff's allegations of unpaid overtime are based on Crown Castle's alleged misclassification of the Construction Manager position as exempt – not on any express or implied agreement to pay overtime. For this reason, Plaintiff's IWPCA claim should be dismissed with prejudice.

**B.     Plaintiff Cannot Pursue A Claim Under The ODRISA Because The Statute Does Not Provide A Private Right Of Action.**

The Complaint's "Second Cause of Action" purports to state a claim under the ODRISA, but that statute does not permit individual lawsuits to enforce it. For this reason, Plaintiff's attempt to bring a claim under the ODRISA (individually and on behalf of any similarly-situated employees) fails as a matter of law.

The ODRISA provides that employees must receive 24 consecutive hours' rest each week and 20 minutes for meals if an employee is scheduled to work at least 7 ½ hours. 820 ILCS §§ 140/2-3. The statute limits enforcement power to the Director of Labor:

> The Director of Labor shall be charged with the duty of enforcing the provisions of this Act and prosecuting all violations thereof and may make, promulgate and enforce such reasonable rules and regulations relating to the administration and enforcement of the provisions of this Act as may be deemed expedient. The violation of any rule or regulations so prescribed shall be deemed a violation of the Act.

820 ILCS § 140/6. *See also Kostecki v. Dominick's Finer Foods, Inc. of Ill.*, 361 Ill. App. 3d 362 (1st Dist. 2005) (rejecting plaintiff's argument of an implied private right of action under ODRISA).

For these reasons, Plaintiff's ODRISA claim must be dismissed with prejudice.

**C.     Plaintiff Lacks Standing to Pursue Declaratory, Equitable, or Injunctive Relief Because She Is Not A Current Employee.**

Because her employment with Crown Castle ended in or around February 2015, Plaintiff lacks standing to seek declaratory, equitable, or injunctive relief. (*See* Compl. ¶¶ 34, 44, 48, and "Demand for Relief.")

"To meet the standing requirement of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (internal citations omitted). The

Seventh Circuit affirmed dismissal of equitable claims brought by a former employee in *Feit v. Ward*, holding that the plaintiff could not pursue equitable claims on behalf of defendant's current employees because the plaintiff was not subject to an immediate threat of injury from the alleged unlawful conduct and would not benefit from the requested relief. 886 F.2d 848, 857 (7th Cir. 1989); *see also Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498-99 (7th Cir. 1972) ("Before one may successfully institute a class action, it is, of course, necessary generally that he be able to show injury to himself in order to entitle him to seek judicial relief.").

Other district courts in the Northern District of Illinois have reached the same conclusion. *Ruffin v. Exel Direct Inc.*, No. 09 C 1735, 2009 WL 3147589, at *1, *3 (N.D. Ill. Sept, 29, 2009) (former independent contractors lacked standing to seek declaratory and injunctive relief based on alleged misclassification); *see also Brown v. Cty. of Cook*, 549 F. Supp. 2d 1026, 1031-32 (N.D. Ill. 2008) (dismissing prayer for injunctive relief in putative class action where former employee was not in danger of future harm and lacked standing); *Butler v. Ill. Bell Tele. Co.*, No. 06 C 5400, 2008 WL 474367, at *7 (N.D. Ill. Feb. 14, 2008) (former employees lacked standing to pursue injunctive relief and could not be class representatives for Rule 23(b)(2) class).

Here, the Complaint avers that Plaintiff was employed for Crown Castle from approximately April 2014 until approximately February 2015. (Compl. ¶ 17.) Because Plaintiff no longer works for Crown Castle, she cannot show an immediate risk of injury as a result of Crown Castle's alleged conduct and she would not benefit from any declaratory or injunctive relief. For these reasons, Plaintiff's claims for injunctive and declaratory relief must be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendant CROWN CASTLE USA INC. respectfully requests that this Court enter an order:

(a) Dismissing with prejudice Plaintiff's claim for relief under the Illinois Wage Payment and Collection Act;

(b) Dismissing with prejudice Plaintiff's claim for relief under the One Day Rest In Seven Act;

(c) Dismissing with prejudice Plaintiff's claims for declaratory and injunctive relief; and

(d) Awarding all relief that the Court deems just and proper.

DATED: June 5, 2015.

Respectfully submitted,

By: ___/s/ Colleen Grace DeRosa___
    One of the Attorneys for Defendant
    **CROWN CASTLE USA INC.**

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

# CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that on June 5, 2015, a true and correct copy of the foregoing ***Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Claims under the Illinois Wage Payment and Collection Act, the One Day Rest in Seven Act, and Claims for Declaratory, Equitable, and Injunctive Relief*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> THE LAW OFFICES OF NICHOLAS C. SYREGELAS
> Nicholas C. Syregelas
> Kyle R. Kasmarick
> 19 North Green Street
> Chicago, IL  60607
> *ns@syregelaslaw.com*
> *kkasmarick@syregelaslaw.com*
>
> ***Attorneys for Plaintiff***

            /s/   Colleen Grace DeRosa

20927539