UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02612 |
| v. | ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) | |

## DEFENDANT'S REPLY BRIEF SEEKING DISMISSAL OF CLAIMS FOR PLAINTIFF'S FAILURE TO RESPOND

Plaintiff TERESA WOJCIK ("Plaintiff") failed to respond to Defendant CROWN CASTLE USA INC.'S[1] Motion to Dismiss Plaintiff's claims under the Illinois Wage Payment and Collection Act ("IWPCA") and the One Day Rest In Seven Act ("ODRISA"), and claims for declaratory, equitable, and injunctive relief. Accordingly, Plaintiff waived the opportunity to challenge Crown Castle's bases for dismissal, and the Court should dismiss these claims.

### PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges Crown Castle violated the IWPCA and the ODRISA and seeks declaratory, equitable, and injunctive relief against Crown Castle for allegedly failing to pay Plaintiff (and any similarly-situated employees) overtime pay for hours worked over 40 hours per workweek. Plaintiff's Complaint avers that her employment with Crown Castle ended in February 2015.

On June 5, 2015, Crown Castle moved to dismiss Plaintiff's IWPCA and ODRISA claims and her claims for declaratory, equitable, and injunctive relief. (ECF Nos. 11-13.)[2] On

---

[1] Incorrectly named in caption as "Crown Castle USA, Inc."

[2] Crown Castle contemporaneously filed an Answer to Plaintiff's remaining claims not subject to its Motion to Dismiss. (ECF No. 14.)

June 17, 2015, the parties filed an Amended Joint Status Report with an agreed briefing scheduling, pending Court approval, for Plaintiff to respond to the Motion by July 6, 2015 and Crown Castle to reply by July 20, 2015. (ECF No. 16.) On June 18, 2015, the Court entered an Order setting the agreed-upon briefing schedule. (ECF No. 17.) To-date, Plaintiff has not filed a response to the Motion in violation of the Court's June 18 Order.

### ARGUMENT

It is well settled that where a defendant gives plausible reasons for dismissing a complaint (as Crown Castle has done here in its Motion), and a plaintiff fails to respond, the court has adequate grounds to dismiss with prejudice. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."). "Long-standing under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to the alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Wojtas v. Capital Guardian Trust Company*, 477 F.3d 924, 926 (7th Cir. 2007) (holding that the failure to respond to an argument permits an inference of acquiescence and operates as a waiver) (citing *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)).

As the Seventh Circuit held in *Luddington v. Ind. Bell Tel. Co.,* 966 F.2d 225, 230 (7th Cir. 1992), the Court cannot assume Plaintiff's responsibility to respond to Crown Castle's Motion. To do so would "unbalance the market for legal services and take time away from our consideration and decision of other cases." *Id.* As a result, Plaintiff's arguments are waived: "if

a [party] fails to make a minimally complete and comprehensible argument for each of his claims, he loses regardless of the merits of those claims as they might have appeared on a fuller presentation." *Id.*; *Jacobett v. Rich Township High School Dist. 227*, 673 F.Supp.2d 653 (N.D. Ill. 2009) (dismissing count of complaint where plaintiff failed to refute or oppose the defendant's motion to dismiss that count).

Under long-standing precedent, Plaintiff waived any opposition to Crown Castle's Motion because she failed to respond by the date required in the Court's June 18 Order. For the reasons argued in Crown Castle's moving brief, this Court should dismiss Plaintiff's claims under the IWPCA and ODRISA, and her claims for equitable, declaratory, and injunctive relief.

#### CONCLUSION

For all the foregoing reasons and those set forth in its moving brief, Defendant CROWN CASTLE USA INC. respectfully requests that this Court enter an order:

(a) Dismissing with prejudice Plaintiff's claim for relief under the Illinois Wage Payment and Collection Act;

(b) Dismissing with prejudice Plaintiff's claim for relief under the One Day Rest In Seven Act;

(c) Dismissing with prejudice Plaintiff's claims for declaratory and injunctive relief; and

(d) Awarding all relief that the Court deems just and proper.

**[Signature follows on next page.]**

DATED:   July 14, 2015.                                    Respectfully submitted,


                                                   By:    /s/ Colleen G. DeRosa
                                                          One of the Attorneys for Defendant
                                                          **CROWN CASTLE USA INC.**

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

# CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on July 14, 2015, a true and correct copy of the foregoing ***Defendant's Reply Brief Seeking Dismissal of Claims for Plaintiff's Failure to Respond*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

>THE LAW OFFICES OF NICHOLAS C. SYREGELAS
>Nicholas C. Syregelas
>Kyle R. Kasmarick
>19 North Green Street
>Chicago, IL  60607
>*ns@syregelaslaw.com*
>*kkasmarick@syregelaslaw.com*
>
>***Attorneys for Plaintiff***

      /s/ Colleen G. DeRosa

21800288.1