| | | |
|---|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02612 |
| v. | ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) ) | |

**DEFENDANT CROWN CASTLE USA INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CROWN CASTLE USA INC. (incorrectly named in caption as "Crown Castle USA, Inc.") ("Crown Castle"), by and through its undersigned counsel, hereby submits its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint"), responding as follows:

**NATURE OF THE ACTION**

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and all other current and former Crown Castle USA, Inc. ("Crown Castle" or "Defendant"), Construction Managers and other employees similarly positioned with different job titles.

**ANSWER:  Crown Castle admits that this lawsuit purports to seek recovery of overtime compensation for Plaintiff and "all other current and former Crown Castle Construction Managers and other employees similarly positioned with different job titles," but denies the substance and content of Plaintiff's claims, denies the existence of "other employees similarly positioned with different job titles," and denies the remaining allegations in ¶1.**

2.      Crown Castle is a Pennsylvania Corporation and subsidiary of Crown Castle International Corp., a Delaware Corporation.  It provides owns [sic] wireless infrastructure in all 50 state [sic].

**ANSWER:  Crown Castle admits it is a Pennsylvania corporation registered under the laws of the Commonwealth of Pennsylvania and it is a wholly-owned subsidiary of Crown Castle International Corp., which is a Delaware corporation registered under the laws of the State of Delaware.  Crown Castle admits part of its business is to provide wireless infrastructure services but denies the remaining allegations in ¶2.**

3.      Crown Castle employs Construction Mangers throughout the United States.

**ANSWER:  Crown Castle admits the allegations in ¶3.**

4.      At all times relevant, it has been Crown Castle's policy to uniformly classify Construction Managers as exempt from federal and state overtime provisions and not to pay Construction Managers any overtime wages.

**ANSWER:  Crown Castle admits it classifies full-time employee Construction Managers as exempt from federal and state overtime provisions and does not pay exempt-classified Construction Managers overtime wages.  Crown Castle denies the remaining allegations in ¶4.**

5.      Notwithstanding the fact that Crown Castle classifies them as exempt, the primary duties of Construction Managers are non-exempt.

**ANSWER:  Crown Castle denies the allegations in ¶5.**

6.      Construction Managers do not customarily and regularly direct the work of at least two or more other full time employees or their equivalent nor do they have authority to hire or fire other employees.

**ANSWER:  Crown Castle admits the allegations in ¶6.**

7. Construction Manger's [sic] primary duty is not the performance of office or non-manual labor work directly related to the management or general business operations of Crown Castle or its customers.

**ANSWER: Crown Castle denies the allegations in ¶7.**

8. Construction Mangers [sic] primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

**ANSWER: Crown Castle denies the allegations in ¶8.**

9. Specifically, Construction Managers do not have authority to formulate, affect, interpret or implement management policies or operating practices, have the authority to commit Crown Castle in matters that have a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

**ANSWER: Crown Castle denies the allegations in ¶9.**

10. Construction Manager's [sic] primary duty is to act as a liaison between independent contractors and Crown Castle's customers, following progress on construction projects through phone calls and field visits.

**ANSWER: Crown Castle admits Construction Managers act as a liaison between customers and construction contractors, following progress on construction projects through phone calls and field visits, but denies this is the Construction Manager's primary duty and denies the remaining allegations in ¶10.**

11. The primary duties of Construction Managers do not fall under any of the exemptions under federal or state overtime laws.

**ANSWER: Crown Castle denies the allegations in ¶11.**

12.     Construction Managers regularly work in excess of 40 hours per week.  However, because, Crown Castle classifies Construction Managers as exempt, it does not pay them any overtime compensation for those hours worked over 40 in a workweek.

**ANSWER:  Crown Castle admits it does not pay overtime compensation for exempt-classified Construction Managers' hours worked in excess of forty hours in any workweek as their salaries compensate them for all hours worked.  Crown Castle denies the remaining allegations in ¶12.**

13.     Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Crown Castle who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically the collective action provision, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Crown Castle that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

**ANSWER:  Crown Castle admits only that Plaintiff seeks to assert an FLSA overtime claim as a collective action under 29 U.S.C. §216(b), and seeks to represent a purported class of "similarly situated current and former employees of Crown Castle," but denies the substance and content of Plaintiff's FLSA claim, denies this matter should proceed as a collective action, and denies Plaintiff can represent a purported class of "similarly situated current and former employees of Crown Castle."  Crown Castle denies the remaining allegations in ¶13.**

14.     Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all similarly situated current and former

Construction Managers who worked for Crown Castle in Illinois, to remedy violations of the labor laws of Illinois, Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

**ANSWER**:  **Crown Castle admits only that Plaintiff seeks to assert IMWL claims and that she seeks to represent a class of "all similarly situated current and former Construction Managers who worked for Crown Castle in Illinois," but denies the substance of Plaintiff's IMWL claims, and further denies that this matter should be certified as a class action pursuant to Fed. R. Civ. P. 23.  Crown Castle denies the remaining allegations in ¶14.**

15.     Under federal law, as well as Illinois state law, employees must be paid one and one-half times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

**ANSWER**:  **The allegations in ¶15 are legal conclusions to which no responsive pleading is required.  To the extent a response is required, Crown Castle admits that non-exempt employees are entitled to overtime compensation at the appropriate overtime premium rate for hours worked in excess of 40 unless the provisions of the FLSA, IMWL or interpretative case law provide otherwise.**

16.     Through the conduct described in this Class and Collective Action Complaint, Crown Castle has violated federal and state law. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, brings these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which she and other Construction Managers are entitled.

**ANSWER:** Crown Castle admits only that Plaintiff seeks the relief described in this paragraph but denies it engaged in or is liable for any unlawful conduct, denies any relief is warranted, and denies it engaged in or is liable for any unlawful conduct.

PARTIES

**Plaintiff Teresa Wojcik**

17.     Plaintiff Teresa Wojcik is an adult individual residing in Chicago, Illinois. Plaintiff worked for Crown Castle as a Construction [sic] out of its Chicago, Illinois location, from approximately April, 2014 until approximately February, 2015.

**ANSWER:** Crown Castle admits Plaintiff was employed with Crown Castle as a Construction Manager in Illinois from April 14, 2014 to February 10, 2015. Crown Castle lacks knowledge of information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in Chicago, Illinois, and therefore denies it. Crown Castle denies the remaining allegations in ¶17.

18.     Plaintiff regularly worked over 40 hours per workweek, with a range of 50 to 60 hours per workweek. Crown Castle never paid Plaintiff overtime premium pay.

**ANSWER:** Crown Castle admits only that it did not pay Plaintiff overtime pay because she was an exempt employee. Crown Castle denies the remaining allegations in ¶18.

19.     Plaintiff is a covered employee within the meaning of the FLSA and Illinois Minimum Wage Law.

**ANSWER:** The allegations in ¶19 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Crown Castle admits Plaintiff was an exempt employee under the FLSA and the IMWL from April 14, 2014 to February 10, 2015. Crown Castle denies the remaining allegations in ¶19.

20.     Plaintiff has consented to join this action and has completed a written consent form, a copy of which is attached as Exhibit A to this Class and Collective Action Complaint.

**ANSWER:   Crown Castle admits Exhibit A to the Complaint appears to be a signed consent form.  Crown Castle denies the remaining allegations in ¶20.**

### Crown Castle USA, Inc.

21.     Defendant Crown Castle USA Inc. [sic] is a corporation organized and existing under the laws of Pennsylvania, and is headquartered in Canonsburg, PA.

**ANSWER:  Crown Castle admits the allegations in ¶21.**

22.     Crown Castle International Corp., is the parent company of Crown Castle, and is organized and existing under the laws of Delaware and headquartered in Houston, TX.

**ANSWER:  Crown Castle admits only that it is a wholly-owned subsidiary of Crown Castle International Corp., which is a Delaware corporation with its headquarters in Houston, TX.**

23.     Through its own activities in Illinois and those of its parent, agents, subsidiaries and divisions, Crown Castle has subjected itself to the jurisdiction of the state of Illinois.

**ANSWER:  Crown Castle admits it is subject to personal jurisdiction in Illinois and denies the remaining allegations in ¶23.**

24.     Throughout the relevant period, Crown Castle, employed Plaintiff and similarly situated employees within the meaning of the FLSA and IMWL.  Crown Castle has had sole or substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

**ANSWER:  Crown Castle admits it employed Plaintiff from April 14, 2014 to February 10, 2015, and during that time, it had control over certain of Plaintiff's working conditions.**

Crown Castle denies it applied any unlawful policies and practices, and denies the remaining allegations in ¶24.

25.     Crown Castle is a covered employer within the meaning of the FLSA and IMWL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**ANSWER:  The allegations in ¶25 are legal conclusions to which no responsive pleading is required.  To the extent a response is required, Crown Castle admits it is an employer subject to the FLSA and IMWL, and it employed Plaintiff from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶25.**

26.     At all times relevant, Crown Castle, Inc. [sic] maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:  Crown Castle admits it maintained control, oversight and direction over Plaintiff during her employment with Crown Castle from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶26.**

27.     Crown Castle employs the same policies, practices, and procedures to all Construction Managers.

**ANSWER:  Crown Castle denies the allegations in ¶27.**

28.     At all times relevant, Crown Castle's annual gross volume of sales made or business done was not less than $500,000.

**ANSWER:  Crown Castle admits its annual gross volume of sales made or business done was not less than $500,000 during the time it employed Plaintiff, and during the three year**

period prior to the filing of the Complaint.  **Crown Castle denies the remaining allegations in ¶28.**

29.     Crown Castle directly and indirectly acted in the interest of an employer toward Plaintiff and the FLSA Collective at all material times including, without limitation, controlling the terms of employment and compensation of Plaintiff and the FLSA Collective.

**ANSWER:  Crown Castle admits it controlled the terms of Plaintiff's employment and compensation during Plaintiff's employment with Crown Castle from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶29.**

30.     Defendants [sic] were each joint employers of Plaintiff and the FLSA Collective because each acted directly or indirectly in the interest of the other in relation to Plaintiff and the FLSA Collective.

**ANSWER:  Crown Castle admits it employed Plaintiff from April 14, 2014 to February 10, 2015, and denies the remaining allegations in ¶30.**

## JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

**ANSWER:  Crown Castle admits the allegations in ¶31.**

32.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**ANSWER:  Crown Castle admits the allegations in ¶32.**

33. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims in this Collective and Class Action Complaint took place in this judicial district and because it is where Defendant resides.

**ANSWER: Crown Castle admits that Plaintiff was employed in this judicial district, that Crown Castle conducts business in this judicial district, and that venue is proper in this judicial district. Crown Castle denies the remaining allegations in ¶33.**

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

34. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Crown Castle as Construction Managers at any location in the United States, within the time limitation as of the date of filing, who elect to opt-in to this action (the "FLSA Collective").

**ANSWER: Crown Castle admits Plaintiff seeks to bring a collective action under the FLSA "on behalf of herself and all similarly situated persons who work or have worked for Crown Castle as Construction Managers at any location in the United States" but denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, denies the existence of "similarly situated persons," and denies the remaining allegations in ¶34.**

35. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Crown Castle, and/or Crown Castle has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

**ANSWER: Crown Castle admits it assigned Plaintiff certain job duties during her employment with Crown Castle from April 14, 2014 to February 10, 2015, but denies the remaining allegations in ¶35.**

36.     As part of its regular business practice, Crown Castle has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This pattern, practice, and/or policy includes, but is not limited to:

a.      willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

b.      willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

c.      willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Crown Castle.

**ANSWER:     Crown Castle denies the allegations in ¶36 including those allegations contained in subparagraphs (a) – (c).**

37.     Crown Castle is aware or should have been aware that federal law required them [sic] to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

**ANSWER:  Crown Castle admits it is aware that federal law requires it to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek, but denies Plaintiff and any purported members of the FLSA Collective were non-exempt and denies the remaining allegations in ¶37.**

38.     Plaintiff and the FLSA Collective all perform or performed the same primary duty.

**ANSWER:  Crown Castle denies the allegations in ¶38.**

39.     Crown Castle's unlawful conduct has been widespread, repeated, and consistent.

**ANSWER:  Crown Castle denies the allegations in ¶39.**

## CLASS-WIDE FACTUAL ALLEGATIONS

40.     Plaintiff brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons who work or have worked for Crown Castle as Construction Managers (or in comparable roles with different titles) in Illinois within the time limitation as of the date of filing (the "Illinois Class").

**ANSWER:  Crown Castle admits Plaintiff seeks to bring a class action under the Fed. R. Civ. P. 23 "on behalf of herself and all persons who work or have worked for Crown Castle as Construction Managers (or in comparable roles with different titles) in Illinois" but denies Plaintiff has set forth an appropriate class, denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, and denies the remaining allegations in ¶40.**

41.     Excluded from the Illinois Class are Defendants' [sic] legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants [sic]; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

**ANSWER:  Crown Castle admits Plaintiff seeks to bring a class action under the Fed. R. Civ. P. 23 excluding the people identified in ¶41, but denies Plaintiff has set forth an appropriate class, denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, and denies the remaining allegations in ¶41.**

42.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to

Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants [sic].

**ANSWER:  Crown Castle denies that any class is appropriate, and therefore denies the allegations in ¶42.**

43.    Defendants [sic] acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

**ANSWER:  Crown Castle denies the allegations in ¶43.**

44.    The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

(a)    whether Defendants [sic] violated the IMWL as alleged herein;

(b)    whether Defendants [sic] misclassified Plaintiff and the Illinois Class as exempt employees of Defendants pursuant to 820 ILCS 105/3(d) and supporting IDOL regulations;

(c)    whether Defendants [sic] violated Illinois law pursuant to 820 ILCS 105/4a by failing and/or refusing to pay Plaintiff and the Illinois Class earned overtime pay for hours worked in excess of 40 hours per workweek; whether Defendants' [sic] policy of failing to pay Plaintiff and the members of the Illinois Class was instituted willfully or in reckless disregard of the law;

(d)    whether Defendants [sic] failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Illinois Class, and other records required by the IMWL;

(e)    whether Defendants [sic] failed to comply with the posting and notice requirements of the IMWL;

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

**ANSWER:** **Crown Castle denies the allegations in ¶44 including those allegations contained in subparagraphs (a) – (f).**

45.     Plaintiff's claims are typical of the claims of the Illinois Class.  Plaintiff and all members of the Illinois Class work, or have worked, for Crown Castle as Construction Managers in Illinois.

**ANSWER:  Crown Castle denies the allegations in ¶45.**

46.     Plaintiff and members of the Illinois Class enjoy the same statutory rights under the IMWL to be paid overtime wages.  Plaintiff and Illinois Class Members have all sustained similar types of damages as a result of Crown Castle's failure to comply with the IMWL.  Plaintiff and the members of the Illinois Class have all been injured in that they have been uncompensated or under-compensated due to Crown Castle's common policies, practices, and patterns of conduct.

**ANSWER:  Crown Castle denies the allegations in ¶46.**

47.     Defendants [sic] acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

**ANSWER:  Crown Castle denies the allegations in ¶47.**

48.     Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class.  Plaintiff understands that, as the class representative, she assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately.  Plaintiff recognizes that as the class representative, she must represent and consider the interests of the Illinois Class just as she would represent and consider her own interests.

**ANSWER:  Crown Castle denies the allegations in ¶48.**

49.     Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Illinois Class.

Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class.

**ANSWER: Crown Castle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶49, and therefore denies them. Crown Castle further denies the substance and content of Plaintiff's claims.**

50. Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. There is no conflict between Plaintiff and the Illinois Class.

**ANSWER: Crown Castle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶50, and therefore denies them. Crown Castle further denies the substance and content of Plaintiff's claims.**

51. Plaintiff has retained counsel competent and experienced to perform complex class action employment litigation.

**ANSWER: Crown Castle lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶51, and therefore denies them.**

52. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Crown Castle's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of

individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Crown Castle's practices.

**ANSWER: Crown Castle denies the allegations in ¶52.**

## COMMON FACTUAL ALLEGATIONS

53. At all relevant times, Plaintiff, the members of the Illinois Class, and the FLSA Collective (collectively "Class Members") worked as Construction Managers for Crown Castle.

**ANSWER: Crown Castle admits Plaintiff was employed with Crown Castle as a Construction Manager from April 14, 2014 to February 10, 2015. Crown Castle denies the remaining allegations in ¶53.**

54. Throughout their employment with Crown Castle, Plaintiff and the Class Members consistently worked more than 40 hours per workweek.

**ANSWER: Crown Castle admits Plaintiff at times may have worked more than 40 hours per workweek. Crown Castle denies the remaining allegations in ¶54.**

55. Crown Castle was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet it failed to pay them any overtime compensation for any hours worked over 40 in a workweek.

**ANSWER: Crown Castle admits Plaintiff at times may have worked more than 40 hours per workweek and was not paid overtime. Crown Castle denies the remaining allegations in ¶55.**

56. Crown Castle did not keep accurate records of hours worked by Plaintiff and the Class Members. That is, Plaintiff's and the Class Members' hours are not recorded on paystubs,

and Plaintiff and the Class Members were never required to clock in or out, or otherwise record their time.

**ANSWER:  Crown Castle admits Plaintiff was not required to clock in or out on a time clock, but denies the remaining allegations in ¶56.**

57.    Plaintiff's and the Class Members' primary duties were non-exempt duties.

**ANSWER:  Crown Castle denies the allegations in ¶57.**

58.    Plaintiff and the Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Crown Castle.  Plaintiff and the Class Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

**ANSWER:  Crown Castle denies the allegations in ¶58.**

59.    Plaintiff's and Class Members' duties did not include managerial responsibilities or the exercise of independent judgment.  Plaintiff and the Class Members did not determine local staffing levels, decide what products and services were to be sold or make any other major strategic or business decisions of any Crown Castle business division.

**ANSWER:  Crown Castle denies the allegations in ¶59.**

60.    Construction Managers' presence at applicant interviews was not required, expected or allowed and there [sic] opinion on hiring was not given any weight.

**ANSWER:  Crown Castle admits Construction Managers were generally not present at applicant interviews but denies the allegations in ¶60.**

61.    Upon information and belief, the decision to classify Plaintiff and the Class Members as exempt was made centrally, and not on a person-by-person basis.

**ANSWER:  Crown Castle admits Plaintiff was an exempt employee and denies the remaining allegations in ¶61.**

62.     Crown Castle controlled and directed the performance of Plaintiff's and the Class Members' work.

**ANSWER:  Crown Castle admits it controlled and directed Plaintiff's job duties during her employment with Cross Castle from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶62.**

63.     Crown Castle's violations have been willful and intentional.  While it has known that Plaintiff and other Construction Managers performed non-exempt duties as their primary duties and regularly worked more than forty hours per workweek, it classified Construction Managers as exempt and failed to pay them overtime for the hours they worked over 40 in a workweek.

**ANSWER:  Crown Castle denies the allegations in ¶63.**

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et s e q*.
On Behalf of Plaintiff and the FLSA Collective**

64.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

**ANSWER:  Crown Castle re-alleges and incorporates by reference its answers to paragraphs 1 to 63 as if fully set forth herein.**

65.     Defendants [sic] have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

**ANSWER:  Crown Castle denies the allegations in ¶65.**

66.     At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER: Crown Castle admits Plaintiff was engaged in commerce and/or the production of sale of goods for commerce within the meaning of those terms in Sections 206(a) and 207(a) of the FLSA during her employment with Crown Castle from April 14, 2014 to February 10, 2015. Crown Castle denies the existence of the "FLSA Collective" and denies the remaining allegations in ¶66.**

67.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

**ANSWER: Crown Castle admits Plaintiff was subject to Sections 203(e) and 207(a) of the FLSA during her employment with Crown Castle from April 14, 2014 to February 10, 2015. Crown Castle denies the existence of the "FLSA Collective" and denies the remaining allegations in ¶67.**

68.     At all times relevant, Defendant has been employers [sic] of Plaintiff and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER: Crown Castle admits it is an employer under Sections 206(a) and 207(a) of the FLSA. Crown Castle denies the existence of the "FLSA Collective" and denies the remaining allegations in ¶68.**

69.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendants [sic] and protect Plaintiff and the FLSA Collective.

**ANSWER:** **Crown Castle admits it is subject to the FLSA and any applicable federal regulations. Crown Castle denies the existence of the "FLSA Collective" and denies the remaining allegations in ¶69.**

70.     Defendants [sic] have failed to pay Plaintiff and the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a workweek and to which they are entitled under the FLSA.

**ANSWER:** **Crown Castle admits it did not pay Plaintiff overtime, because she was an exempt employee. Crown Castle denies the remaining allegations in ¶70.**

71.     Defendants' [sic] violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants [sic] failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

**ANSWER:** **Crown Castle denies the allegations in ¶71.**

72.     Because Defendants' [sic] violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER:** **Crown Castle denies the allegations in ¶72.**

73.     As a result of Defendants' [sic] willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

**ANSWER:** **Crown Castle denies the allegations in ¶73.**

74.     Based on the foregoing, Defendants' [sic] willful conduct in this regard entitles Plaintiff and all other similarly situated Construction Managers who opt into this litigation to

compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

**ANSWER:  Crown Castle denies the allegations in ¶74 and denies Plaintiff's requested relief, or any other relief to Plaintiff or all purported other similarly situated Construction Managers, is warranted or appropriate in this matter.**

**SECOND CAUSE OF ACTION**
**Illinois Minimum Wage Law**
**820 ILCS 105/4a *et seq*; 56 Ill. Admin. Code §210.400 *et seq.***
**On Behalf of Plaintiff and the Illinois Class**

75.     Plaintiff, on behalf of herself and the Illinois Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER:  Crown Castle re-alleges and incorporates by reference its answers to paragraphs 1 to 74 as if fully set forth herein.**

76.     Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the IMWL.

**ANSWER:  Crown Castle denies the allegations in ¶76.**

77.     At all relevant times, Defendant has been, and continues to be, and [sic] employer within the meaning of the IMWL. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Illinois Class, within the meaning of the IMWL.

**ANSWER:  Crown Castle admits it is an employer under the IMWL and Plaintiff was an exempt employee under the IMWL from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶77.**

78.     Plaintiff and the members of the Illinois Class are covered by the IMWL.

**ANSWER:  Crown Castle admits Plaintiff was an exempt employee covered by certain provisions of the IMWL when she was employed with Crown Castle from April 14, 2014 to February 10, 2015.  Crown Castle denies the remaining allegations in ¶78.**

79.     The IMWL require employers, such as Defendants [sic], to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

**ANSWER:  The allegations in ¶79 are legal conclusions to which no responsive pleading is required.  To the extent a response is required, Crown Castle admits them.**

80.     Throughout the Illinois Class period, and continuing through the present, Plaintiff and the Illinois Class regularly worked in excess of forty hours in a workweek.  Plaintiff and the members of the Illinois Class were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:  Crown Castle denies the allegations in ¶80.**

81.     Defendants [sic] failed to pay Plaintiff and the Illinois Class earned overtime wages at a wage rate of one and one-half times their regular rate to which they are entitled under the IMWL.

**ANSWER:  Crown Castle denies the allegations in ¶81.**

82.     Defendant failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Illinois Class as required by the IMWL.

**ANSWER:  Crown Castle denies the allegations in ¶82.**

83.     As a direct and proximate result of Defendants' [sic] unlawful conduct, as set forth herein, Plaintiff and the Illinois Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants [sic] in an amount to be established at

trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**ANSWER: Crown Castle denies the allegations in ¶83 and denies Plaintiff's requested relief, or any other relief to Plaintiff, is warranted or appropriate in this matter.**

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

a.    Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.    Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiff as Class Representative;

d.    Unpaid overtime wages under the Fair Labor Standards Act and the IMWL;

e.    Liquidated damages under the Fair Labor Standards Act and the Illinois Minimum Wage Law;

f.    Pre-Judgment and Post-Judgment interest, as provided by law;

g.    A reasonable incentive award for the Plaintiff to compensate her for the time and effort she spent protecting the interests of other Construction Managers, and the risks she undertook.

h.    Attorneys' fees and costs under the Fair Labor Standards Act and the Illinois Minimum Wage Law; and

k.    Such other relief as the Court may deem just and proper.

**ANSWER: Crown Castle denies the allegations in Plaintiff's "Demand for Relief," and denies Plaintiff's requested relief, or any other relief to Plaintiff, is warranted or appropriate in this matter.**

## CROWN CASTLE'S AFFIRMATIVE AND OTHER DEFENSES

Crown Castle hereby submits its Affirmative Defenses to the Complaint filed by Plaintiff. By pleading these affirmative defenses, Crown Castle does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST DEFENSE

Plaintiff's claims for overtime compensation are barred under the FLSA and the IMWL because she was an exempt employee pursuant to the administrative exemption, the combination exemption, and/or the highly compensated exemption.

### SECOND DEFENSE

Plaintiff lacks standing to pursue the claims she has asserted because she is not similarly situated to other putative members of the collective action and class action.

### THIRD DEFENSE

Plaintiff's Complaint is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, laches, unclean hands, and/or consent due to Plaintiff's unreasonable delay in notifying Crown Castle of the alleged actionable wrongs, which has resulted in prejudice to Crown Castle.

### FOURTH DEFENSE

Plaintiff's claims, and the claims she seeks to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations under the FLSA and the IMWL.

**FIFTH DEFENSE**

The statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. Plaintiff's claims do not arise out of a willful violation; therefore, she is unable to recover for any alleged violation of the FLSA that occurred more than two years prior to the date on which she filed her consent to join this action. Should other persons be permitted to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b), their FLSA claims will similarly be subject to the applicable two-year statute of limitations.

**SIXTH DEFENSE**

Crown Castle has acted in good faith in complying with all applicable provisions of the FLSA, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of such laws.

**SEVENTH DEFENSE**

To the extent Plaintiff and others allegedly similarly situated are entitled to damages, which Crown Castle denies, Crown Castle is entitled to a credit for or set-off against amounts overpaid to them and to a credit for overtime and other premium payments made to them in the course of their employment.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent that this action is inappropriate for collective action treatment as the other putative class members are not similarly situated to the Plaintiff as required by the applicable law.

## NINTH DEFENSE

Plaintiff's class action claims are barred because she has failed to and cannot satisfy the requirements necessary to maintain a class, including, without limitation, those listed in Fed. R. Civ. P. 23.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment. Plaintiff was already properly compensated for all time worked, including hours worked over forty (40) hours in a workweek.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of avoidable consequences because the Plaintiff unreasonably failed to take action to avoid her alleged damages, and some or all of the alleged damages would have been avoided by such action.

## TWELTH DEFENSE

Plaintiff and others allegedly similarly situated were properly compensated for all hours worked and for any hours worked over forty (40) in a workweek. The alleged conduct of Crown Castle was at all times justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose. Accordingly, Plaintiff is precluded from receiving statutory penalties under the IMWL.

## THIRTEENTH DEFENSE

Some of Plaintiff's alleged causes of action seek recovery for the same alleged wrong or wrongs as other causes of action. Accordingly, Plaintiff's claims are barred to the extent that Plaintiff seeks multiple recoveries for the same alleged wrong or wrongs.

## FOURTEENTH DEFENSE

Plaintiff and others allegedly similarly situated are not entitled to compensation for time they purportedly worked without Crown Castle's actual or constructive knowledge.

## FIFTEENTH DEFENSE

Plaintiff's request for attorneys' fees are waived under Illinois law, and/or she is estopped from claiming attorneys' fees, in that Plaintiff failed to make a demand upon Crown Castle for payment of a certain sum as required by law, or otherwise notify Crown Castle of any alleged unpaid wages prior to filing the lawsuit.

## SIXTEENTH DEFENSE

Certain interests of the classes or groups proposed by Plaintiff are in conflict with the interests of all or certain sub-groups of the members of the alleged collective class of persons, which Plaintiff purports to represent, the existence of which is expressly denied.

## SEVENTEENTH DEFENSE

Plaintiff's representative and class allegations are barred by Crown Castle's right to due process of law as provided by the Constitutions of the United States of America and the State of Illinois.

## EIGHTEENTH DEFENSE

Proceeding as a collective action pursuant to §216 of the FLSA is inappropriate in this matter due to the highly specialized individualized inquiries necessary to determine whether Plaintiff or any other purportedly similarly situated individuals were properly classified as exempt.

## NINETEENTH DEFENSE

To the extent Plaintiff or any individual she alleges is similarly situated is entitled to any damages, the existence of which Crown Castle expressly denies, Plaintiff and/or any purportedly similarly situated individual(s) are only eligible to receive "half-time" damages for hours worked in excess of forty in a given workweek because Plaintiff and/or any purportedly similarly situated individual(s) were paid a salary for all hours worked.

## TWENTIETH DEFENSE

Crown Castle presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Crown Castle reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant Crown Castle USA Inc. requests that the Complaint be dismissed with prejudice and that it be awarded its costs, attorneys' fees, and such other relief as may be just and proper.


DATED:   September 14, 2015.                              Respectfully submitted,


                                                    By:   ___/s/  Colleen G. DeRosa_____
                                                          One of the Attorneys for Defendant
                                                          CROWN CASTLE USA INC.

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 14, 2015, the foregoing *Defendant Crown Castle USA Inc.'s Answer and Defenses to Plaintiff's Amended Complaint* was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> THE LAW OFFICES OF NICHOLAS C. SYREGELAS
> Nicholas C. Syregelas
> Kyle R. Kasmarick
> 19 North Green Street
> Chicago, IL 60607
> *ns@syregelaslaw.com*
> *kkasmarick@syregelaslaw.com*
>
> ***Attorneys for Plaintiff***

  /s/  Colleen G. DeRosa

22282856.1