UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02612 |
| v. | ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) ) | |

<u>**Defendant's Memornadum of Law in Support of its 12(b)(1) Motion to Dismiss/Stay Litigation Pending Supreme Court Ruling**</u>

Defendant Crown Castle USA Inc. ("Defendant" or "Crown Castle") herby moves to dismiss Plaintiff's claims pursuant to Fed. Rule Civ. P. 12(b)(1) and stay this case pending the Supreme Court's ruling in *Campbell Ewald Co. v. Gomez*, No. 14-847, 2015 WL 246885 (May 18, 2015).

**I.      BACKGROUND**

In her First Amended Complaint ("Complaint"), Plaintiff alleges that she formerly worked for Crown Castle as a Construction Manager in Chicago, Illinois from approximately April 2014 to approximately February 2015.  (Doc. 19 at ¶ 17.)  On behalf of Plaintiff and allegedly similarly-situated employees, the Complaint alleges that Crown Castle misclassified its Construction Managers as salaried employees exempt from overtime pay.  (*Id.* at ¶¶ 5, 58-64.) The Complaint further alleges that Plaintiff and other similarly-situated employees worked more than 40 hours per workweek (*id.* at ¶¶ 18, 55) and Crown Castle was aware that they worked more than 40 hours per workweek but did not pay them overtime compensation.  (*Id.* at ¶¶ 56, 64.)

The Complaint's "First Cause of Action" purports to bring a nationwide collective action for alleged violations of the Fair Labor Standards Act ("FLSA"). (*Id.* at ¶¶ 64-74.) The Complaint's "Second Cause of Action" purports to bring a statewide class action for alleged violations of the Illinois Minimum Wage Law ("IMWL"). (*Id.* at ¶¶75-83). To date, Plaintiff has not filed a motion for conditional certification under the FLSA or a Rule 23 motion for class certification for the IMWL claim.

On September 3, 2015, Crown Castle served an offer of full relief upon Plaintiff in this action. *See* **Exhibit 1** and accompanying correspondence, **Exhibit 2** (letter dated September 4, 2015 explaining how the full relief offer was calculated).[1] Plaintiff responded by written correspondence on September 11, 2015. **Exhibit 3.**[2] Although Plaintiff's response implied that Defendant's offer of judgment was rejected, Plaintiff's response did not specifically make that statement. However, Plaintiff's response did not challenge Crown Castle's assertion that its offer of judgment constituted full relief. Crown Castle then asked Plaintiff to confirm in writing that the offer of judgment was rejected and that absent such confirmation, the offer would lapse by its own terms at 5:00 p.m. on September 18, 2015. **Exhibit 4**. Plaintiff did not respond, and the offer lapsed.

This case presents the legal question of the impact of an unaccepted offer of full relief, occurring before Plaintiff moves for class or collective action certification. Crown Castle now moves to dismiss Plaintiff's claim on that basis pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. Crown Castle recognizes that the Seventh Circuit recently reversed its position on

---

[1] **Exhibit 2-A** is Plaintiff's offer letter referenced within Exhibit 2. **Exhibit 2-B** is Plaintiff's admission that Exhibit 2-A hereto is a true and accurate copy of her offer letter. Exhibit 2-B (Response to Request to Admit No. 1). **Exhibit 2-C** is Plaintiff's Rule 26(a) disclosures, which are also referenced in Exhibit 2. Plaintiff's personal information has been redacted from Exhibits 2-A and 2-C.

[2] Portions of Exhibit 3 contain settlement correspondence, and thus have been redacted.

this question in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. Aug. 6, 2015), but the precise issue presented by Crown Castle's motion—whether Plaintiff's rejection of full relief moots Plaintiff's claims and requires dismissal of her class claims---is currently before the Supreme Court in *Campbell Ewald Co. v. Gomez*; *Gomez* is fully briefed before the Court, with oral argument to occur exactly two weeks from today. The Supreme Court's ruling in *Gomez* may dispose of this entire action. Accordingly, in conjunction with making this motion to dismiss, Crown Castle moves to stay the current litigation pending the Supreme Court's ruling in *Gomez*.

## II.    LEGAL AUTHORITY & ARGUMENT

### A.  Supreme Court Authority

As the Supreme Court stated in *Genesis Healthcare v. Symczyk*, 133 S.Ct. 1523 (2013), "Article III, §2 of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Id.* at 1528 (citations omitted); *see also, e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998) ("the case-or-controversy requirement subsists through all stages of federal judicial proceedings," and ensures that all parties continue to "have a personal stake in the litigation" for the entire course of the suit.) (citations omitted). Where "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 133 S.Ct. at 1528 (citations omitted).

In *Genesis Healthcare*, the Court assumed without deciding, that an unaccepted offer of judgment moots an FLSA action. *Id.* at 1528-29. It then went on to hold that, because Plaintiff's personal claim was moot, her individual and collective action claims were properly dismissed

with prejudice. *Id.* at 1532 ("[W]e conclude that respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness. Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction.")

### B. The Seventh Circuit's Position

For several years, the law in the Seventh Circuit has been clear that an unaccepted offer of full relief prior to the filing of a motion for class or collective certification moots the entire action, requiring dismissal of the plaintiff's individual and class claims. *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright … because he has no remaining stake.") However, on August 6, 2015, the Seventh Circuit reversed course in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. Aug. 6, 2015) overruling *Damasco* and holding that an unaccepted offer of full relief does not necessary moot the entire action, but may still provide various valid defenses to the action.[3] The Seventh Circuit's decision in *Chapman*, however, will be directly addressed by the Supreme Court in *Gomez* and may be overruled, and Crown Castle makes this motion to preserve its argument that Plaintiff's claims in this case must be dismissed under Fed. R. Civ. P. 12(b)(1)

---

[3] The Court continued in *Chapman* to state that "[r]ejecting a fully compensatory offer may have consequences other than mootness, however…." and noting that rejecting the offer of judgment could give rise to defenses such as estoppel or waiver, and noting that where an offer of judgment is made to the only plaintiff "why should a court supply a subsidized dispute-resolution service when the defendant's offer means that there's no need for judicial assistance, and when other litigants, who do need the court's aid, are waiting in a queue?" 796 F.3d at 787-88.

because of the unaccepted offer of judgment for full relief moots her claims, and no justiciable "case or controversy" exists in this case.[4]

### C. The Impact of *Gomez*

The law surrounding an unaccepted offer of full relief is by no means crystal clear and there is currently a federal circuit split on this issue.[5] Notably, the Supreme Court is expected to directly resolve this Circuit split in *Gomez*. Indeed, two of the questions presented in that case are the following, which will be directly controlling in this action:

(1) Whether a case becomes moot and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on this claim.

(2) Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.

**Exhibit 5** (available at: www.supremecourt.gov/qp/14-00857qp.pdf (last visited September 29, 2015)). The *Gomez* case has been fully briefed and is set for oral argument on October 14, 2015, just two weeks from now. **Exhibit 6** (Supreme Court docket in *Gomez*) (last visited September

---

[4] In *Chapman*, the Seventh Circuit relied heavily on Justice Kagan's dissent in *Genesis Healthcare* as support for the reversal of its position on a full relief offer of judgment. However, there is no need to speculate about the potential effect of Justice Kagan's dissent, as the Supreme Court will ultimately resolve the issue in *Gomez* in the imminent future. *See Bais Yaakov of Spring Valley v. ACT, Inc.*, __ F.3d __, 2015 WL 4979406 *5 (1st Cir., Aug. 21, 2015) (noting that "[i]t remains to be seen whether a fifth justice will accept the reasoning of … the *Genesis Healthcare* dissenters when the issue actually reaches the [Supreme] Court" and that "[w]e may have the answer in less than a year" given the Court's acceptance of certiorari on the issue in *Gomez*).

[5] For example, the Sixth Circuit and the Federal Circuit have held that an offer to fully satisfy a plaintiff's claim moots the individual's claim. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009) ("[A]n offer of judgment that satisfies a plaintiff's entire demand moots the case….."); *Samsung Elec. Co. Ltd v. Rambus, Inc.*, 523 F.3d 1374, 1379-80 (Fed. Cir. 2008) (After the defendant offered full relief "[t]he district court had no case or controversy to continue to consider"); *see also Warren v. Sessions & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot."). Other Circuits, including the Seventh Circuit in *Chapman*, have adopted contrary positions, generally relying upon Justice Kagan's dissent in *Genesis Healthcare*. *See ACT, Inc.*, 2015 4979406 at *5 (collecting cases noting that multiple circuit courts have relied upon Judge Kagan's dissent since it was issued). But, again, as the First Circuit also noted in *ACT*, the Supreme Court is expected to resolve this issue in *Gomez,* resolving the need for further speculation.

29, 2015).  The decision in *Gomez* could be fully dispositive of the instant case, and thus, Crown Castle seeks a stay of the litigation pending the Court's ruling in *Gomez*.  Crown Castle files this motion to preserve its 12(b)(1) dismissal argument pending the Court's ruling in *Gomez*.

Further, there can be no dispute that the *Gomez* decision would potentially dispose of all of Plaintiff's claims.

### 1.   Plaintiff's FLSA Claims Will Be Moot

The Supreme Court has already held in *Genesis Healthcare* that once Plaintiff's individual claim is moot, the entire FLSA case should be dismissed.  133 S.Ct. at 1532 ("[W]e conclude that respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness.  Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction."); *see also id.* at 1529 ("the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied").  While the Supreme Court in *Genesis Healthcare* did not decide whether an unaccepted offer of judgment actually moots the plaintiff's claim in the first place, that issue is squarely before the Court in *Gomez*.  And, if the Supreme Court holds in *Gomez* that an unaccepted offer of judgment moots the plaintiff's claim, then *Genesis Healthcare* will automatically require dismissal of Plaintiff's FLSA claim.

### 2.   Plaintiff's Rule 23 Claims Will Likewise Be Moot

The second question presented in *Gomez* directly implicates Plaintiff's Rule 23 IMWL claim.  *See* **Exhibit 5** ("Whether the answer to the [mootness] question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.").  Here, there is no dispute that Crown Castle offered full relief before Plaintiff moved for Rule 23 class certification, let alone before a

class was certified. Thus, *Gomez* could likewise dispose of Plaintiff's individual and Rule 23 IMWL claims.

### D. The Impact of *Gomez* Merits A Stay of the Instant Case

As set forth above, *Gomez* may completely dispose of this case. Accordingly, Crown Castle respectfully asks this Court to stay this litigation pending the Supreme Court's decision in *Gomez*. Indeed, proceeding further in this action will result in expensive and time consuming discovery and motion practice that may ultimately be rendered entirely moot by the Supreme Court's decision in *Gomez*. The parties are very early in the discovery process. Defendant has responded to Plaintiff's written discovery and Plaintiff's written discovery responses are forthcoming. In all likelihood, the parties will then have issues to work out between themselves pursuant to Local Rule 37.2, and if they are unable to resolve those issues, there will be discovery motions before the Court. Both parties will need to take depositions. Plaintiff has indicated that she intends to file a motion to add an unjust enrichment claim, and Crown Castle expects to oppose any such motion.[6] Plaintiff will likely move for class and/or conditional certification, and there will be related briefing on those motion(s). In short, the bulk of the work to be done in this case is ahead of the parties.

Conversely, waiting for a ruling in *Gomez,* at worst, presents only a modest delay in the case, as the matter will be argued in the Supreme Court in two weeks, with a decision to follow

---

[6] As Judge Durkin recently held in *Cotto et al v. John C. Bonewicz, P.C.*, 2015 WL 3609167 (June 9, 2015), where a plaintiff has been classified as exempt, the only unjust enrichment claims could be for: (i) a raise, which is not a viable claim; or (ii) for overtime, which is expressly preempted by the Fair Labor Standards Act. *Id.* at *11 (stating, "if [plaintiff] is not exempt, then he is entitled to overtime pay as provided in the FLSA and his unjust enrichment claim is preempted."); *see also, e.g., Deschepper v. Midwest Wine and Spirits, Inc.,* 2015 WL 1433230, *8 (N.D.Ill. Mar. 26, 2015) ("To the extent that a plaintiff asserts that an employer wrongfully withheld compensation in violation of state common law based on the same factual allegations supporting an FLSA claim, her state law claim is preempted.")

thereafter.  And, depending on how the Court rules in *Gomez*, the stay may save the parties from investing significant time, resources, and money all for naught.

As the Supreme Court has held, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Under the right circumstances, stays also promote judicial economy, reduce confusion and prejudice and prevent possibly inconsistent resolutions.  *Id.* at 706.  Courts in the Seventh Circuit have considered the following factors for a stay: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court.  *General Elec. Business Financial Services*, *Inc. v. Silverman*, 2009 WL 2371536 at *3 (N.D. Ill. 2009).  Here, all three factors are met for the same reason—*Gomez* presents the potential to completely eliminate this case.  For the parties to engage in further discovery and motion practice, with the related time and expense when the Supreme Court may wipe out the entire case is in no one's interest.  Indeed, at least one court presented with the same issue has very recently held that a stay is warranted pending the Court's decision in *Gomez*.  *See Boise v. ACE USA, Inc.*, 2015 WL 4077433 at *6 (S.D. Fla., July 6, 2015) (granting a stay pending a ruling in *Gomez* and another pending case and stating that decisions in those cases were "imminent" and "there is a public interest in judicial economy and efficiency, which will be promoted by a stay of these proceedings.")[7]

In support of the stay, the *Boise* court noted, "without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the

---

[7] Notably, the *Boise* court granted the stay nearly four months ago, and was persuaded by the fact that the defendant sought a finite and limited stay to the proceedings while awaiting the Supreme Court's ruling. *Id.* at *6 ("It is also important that the length of the stay is neither indefinite or immoderate….A moderate delay here will free up judicial resources without any unfair prejudice or burden on the Plaintiff.").  Here, Crown Castle seeks a stay that is already four months shorter than the stay granted in *Boise*.

Supreme Court rules favorably for Defendant…" *Id.* at *6. The court further found important that *Gomez* (along with another pending Supreme Court case) dealt with threshold issues of jurisdiction, such as whether the case should proceed at all, and whether the court had the power to issue rulings. *Id.* The *Boise* court also noted that "[u]ltimately, both parties could be harmed by the burden of potentially superfluous litigation." All of these same reasons apply here.

## III. CONCLUSION

Crown Castle seeks a modest stay in this case so that the parties don't continue to litigate a case that may already be moot. It is in no one's interests to have this case proceed on the merits now, as the Supreme Court's ruling in *Gomez* may entirely dispose of this action. In the interest of conserving costs and judicial economy, this matter should be held in abeyance pending the Court's decision in *Gomez*. Crown Castle respectfully requests that the Court enter an Order staying this case pending the Supreme Court's decision in *Gomez*. Crown Castle further suggests that the parties file a joint status report within 14 days of the Supreme Court's ruling in *Gomez*, notifying the Court if any issues remain for adjudication in light of the Supreme Court's ruling.

DATED:    September 30, 2015.                    Respectfully submitted,


                                        By:    ___/s/  Michael D. Ray___
                                               One of the Attorneys for Defendant
                                               CROWN CASTLE USA INC.

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned attorney hereby certifies that on September 30, 2015, a true and correct copy of the foregoing ***Defendant's Memorandum of Law in Support of Its Motion to Dismiss/Stay*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

                         THE LAW OFFICES OF NICHOLAS C. SYREGELAS
                         Nicholas C. Syregelas
                         Kyle R. Kasmarick
                         19 North Green Street
                         Chicago, IL  60607
                         *ns@syregelaslaw.com*
                         *kkasmarick@syregelaslaw.com*

                         EDELSON PC
                         Eve-Lynn J. Rapp
                         Rafey S. Balabanian
                         Benjamin H. Richman
                         Jay Edelson
                         350 North LaSalle Street
                         Suite 1300
                         Chicago, IL  60654
                         erapp@edelson.com
                         rbalabanian@edelson.com
                         brichman@edelson.com
                         jedelson@edelson.com

                         ***Attorneys for Plaintiff***

                                   <u>/s/   Michael D. Ray</u>

22529955.1

11

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02612 |
| v. | ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) ) | |

## DEFENDANT'S OFFER OF JUDGMENT

Defendant Crown Castle USA Inc. ("Defendant"), by and through its attorneys and pursuant to Rule 68 of the Federal Rules Civil Procedure, for its Offer of Judgment, states as follows:

1.      Defendant offers the gross sum of One-Hundred Thousand Dollars and no cents ($100,000.00), exclusive of costs and fees, to resolve any and all of Plaintiff's claim for damages in this action, including but not limited to claims for back overtime wages, liquidated damages, and any and all interest or penalties.

2.      Defendant further offers to pay an additional amount to compensate Plaintiff for her costs and attorneys' fees reasonably and necessarily accrued to date in connection with her claims. If Plaintiff accepts this offer, and she and/or her current or former attorney seek fees or costs in connection with this lawsuit, then either (a) the parties will stipulate as to the amount to be paid for fees and costs hereunder, or (b) if the parties cannot agree on the amount, the Court will determine the amount reasonably and necessarily incurred in connection with Plaintiff's claims hereunder, if any.

Exhibit 1

3       Pursuant to Fed. R. Civ. P. 68, if this Offer of Judgment is not accepted by Plaintiff within fourteen (14) days of the date it is served on her counsel, it is withdrawn. If withdrawn, and any judgment finally obtained by Plaintiff is not more favorable than this Offer of Judgment, Plaintiff must pay the costs reasonably incurred by Plaintiff and Defendant after service of this Offer.

4.      No portion of this Offer of Judgment may be admitted as evidence, except in a proceeding to determine costs.

5.      This Offer of Judgment is made exclusively for the purposes specified by Fed. R. Civ. P. 68 and is not to be construed as an admission that Defendant has admitted liability or any wrongdoing in this action. Defendant has denied and continues to deny liability to Plaintiff for the matters alleged in this case, and tenders this Offer of Judgment to avoid the uncertainty and expense of further litigation.

6.      Any judgment entered pursuant to this offer of judgment shall have no force and effect upon any other cause now pending or hereinafter filed against Defendant by any party.

7.      To accept this offer, Plaintiff must serve written notice of acceptance thereof within fourteen (14) days of the date this offer is made.

Exhibit 1

DATED:    September 3, 2015.

Respectfully submitted,

By:    _____
One of the Attorneys for Defendant
CROWN CASTLE USA INC.

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

3

Exhibit 1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 3, 2015, a true and correct copy of the foregoing *OFFER OF JUDGMENT* was served via hand delivery upon:

PLAINTIFF THERESA WOJCIK
C/O THE LAW OFFICES OF NICHOLAS C. SYREGELAS
Nicholas C. Syregelas
Kyle R. Kasmarick
19 North Green Street
Chicago, IL 60607
*ns@syregelaslaw.com*
*kkasmarick@syregelaslaw.com*

*Attorneys for Plaintiff*

21861514.1

Exhibit 1

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

155 N. Wacker Drive
Suite 4300
Chicago, IL 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
www.ogletreedeakins.com

Harry J. Secaras
312.558.1254
harry.secaras@ogletreedeakins.com

September 4, 2015

**<u>Via Email and U.S. Mail</u>**
Nicholas C. Syregelas
Kyle R. Kasmarick
THE LAW OFFICES OF NICHOLAS C. SYREGELAS
19 North Green Street
Chicago, IL 60607
*ns@syregelaslaw.com*
*kkasmarick@syregelaslaw.com*

RE:    *Wojcik v. Crown Castle*—Defendant's offer of judgment

Dear Nick and Kyle:

   We write to follow-up on the offer of judgment served on Plaintiff on September 3, 2015 pursuant to Federal Rule of Civil Procedure 68. This letter sets forth the import of that offer so that you can discuss with your client how this offer might affect the outcome of this litigation.

## I.    The Consequences of a Rule 68 Offer of Judgment

   In the event that Plaintiff ultimately does not recover in excess of the offer of judgment, then there is the likelihood that after the date of that offer: (i) Plaintiff will be unable to recover additional attorneys' fees, and (ii) Plaintiff will be responsible for any additional costs incurred by both Plaintiff *and* Defendant. Federal Rule of Civil Procedure 68 provides that if the offer is rejected and the "judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68. As the Seventh Circuit has stated, recovery of "costs" may be barred after the date of the offer, and the barred "costs" may include attorneys' fees under fee-shifting statutes. *See Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689 (7th Cir. 2013) ("[w]here a suit is brought under a statute that provides for an attorney fee award to a prevailing plaintiff, the relevant 'costs' include attorneys' fees… ); *see also Marek v. Chesny*, 473 U.S. 1, 10 (1985) (Plaintiffs "who reject an

Atlanta  ▪  Austin  ▪  Berlin (Germany)  ▪  Birmingham  ▪  Boston  ▪  Charleston  ▪  Charlotte  ▪  Chicago  ▪  Cleveland  ▪  Columbia  ▪  Dallas  ▪  Denver
Detroit Metro  ▪  Greenville  ▪  Houston  ▪  Indianapolis  ▪  Jackson  ▪  Kansas City  ▪  Las Vegas  ▪  London (England)  ▪  Los Angeles  ▪  Memphis  ▪  Mexico City (Mexico)  ▪  Pittsburgh
Miami  ▪  Milwaukee  ▪  Minneapolis  ▪  Morristown  ▪  Nashville  ▪  New Orleans  ▪  New York City  ▪  Orange County  ▪  Philadelphia  ▪  Phoenix
Portland  ▪  Raleigh  ▪  Richmond  ▪  St. Louis  ▪  St. Thomas  ▪  San Antonio  ▪  San Diego  ▪  San Francisco  ▪  Stamford  ▪  Tampa  ▪  Tucson  ▪  Washington

EXHIBIT 2

Nicholas C. Syregelas
Kyle R. Kasmarick
September 4, 2015
Page 2

**Ogletree
Deakins**

offer more favorable than what is thereafter recovered at trial will not recover attorneys' fees for
services performed after the offer is rejected."). Accordingly, even if Plaintiff prevails at trial, in
the event that she recovers less than the offer of judgment, Plaintiff's ability to recover attorneys'
fees will be severely limited or even eliminated, plus Plaintiff will be responsible for any
additional costs incurred by both parties.

## II.     Defendant Has Offered The Full Relief Plaintiff is Seeking

In its offer of judgment, Defendant has offered Plaintiff "$100,000, plus reasonable
attorneys' fees incurred to date." Although we are confident that this is far and above what
Plaintiff could expect to recover on her best day in court, *for purposes of the offer of judgment
only*, Defendant's offer of judgment accepts Plaintiff's contentions about her recovery as true.
Obviously, should Plaintiff decline this offer, the litigation will continue and Defendant will
proceed with its sound and viable defenses. While we dispute that any damages will be awarded
in this action, even if they are, it is a virtual certainty that maximum awarded damages in this
case would be based on a "half-time" theory pursuant to established Seventh Circuit law. *See
Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010) (discussed in
more detail below).

In any event, and in the interests of "showing our work" demonstrating full relief has been
offered by Defendant, the offer of judgment was based on the following assumptions:

- As set forth in Plaintiff's offer letter, her salary was $78,000 per year, which breaks
  down to a salary of $1500 per week.
- Plaintiff was employed with Crown Castle from April 14, 2014 to February 9, 2015, a
  span of 43 weeks.
- In Plaintiff's Rule 26(a) disclosures, she asserts that she is seeking "her weekly salary
  divided by a 40 hour work week, multiplied by 1.5 and that this amount is owed for
  each hour of overtime she worked but was not paid due to her misclassification as
  exempt." Plaintiff also asserts that she is seeking liquidated damages under the
  FLSA, as well as "2% of the amount of all underpayments for each month those
  underpayments remain unpaid." While this damages theory is legally incorrect in
  several respects, we nonetheless used it for purposes of the offer of judgment.
- Using Plaintiff's incorrect damages theory, we assumed that Plaintiff worked 60
  hours a week, for each of the 43 weeks she worked for Crown Castle. Again, this
  assumption is not based on facts (and objective facts will disprove Plaintiff's
  contention of hours worked), but, again, we used Plaintiff's averment for purposes of
  this calculation.
- $1500 weekly salary / 40 hours = $37.50 "regular rate"
- $37.50 regular rate X 1.5 = $56.25 hourly overtime rate
- 20 OT hours per week X $56.25 = $1125.00 in damages per week
- Liquidated Damages = $1125.00 X 2 = $2250 in damages per week.
- $2250 weekly damages X 43 weeks of employment = $96,570

**EXHIBIT 2**

Nicholas C. Syregelas
Kyle R. Kasmarick
September 4, 2015
Page 3

**Ogletree
Deakins**

- IMWL Penalty = 2% X 1125 per week = $22.50 X 43 weeks = $967.50
- Total Amount: $97,717.50.

Thus, even if Plaintiff is correct on *each and every theory asserted*, including: (i) that she was not exempt; (ii) that damages must be calculated at 1.5 times (instead of half-time); (iii) that her "regular rate" should be calculated based upon 40 hours; not the hours she asserts she worked; (iv) that she worked 60 hours every week and (v) that she can recover both liquidated damages under the FLSA and a 2% penalty under the IMWL, (and we dispute that Plaintiff will be successful on any of these points), her "best day" in this litigation is still less than the $100,000 set forth in the offer of judgment.

**III.    Plaintiff Will Not Recover in Excess of the Offer of Judgment**

While for purposes of this offer, Defendant used Plaintiff's formulation for damages, the odds that a court would accept Plaintiff's damages theory are miniscule. As the Seventh Circuit held in *Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010), where an individual is classified as exempt and there is a mutual understanding that the salary is intended to compensate the employee for all hours worked, damages must be calculated on a "half-time" basis, because Plaintiff's salary already included the "straight time" component of any overtime hours worked. Here, Plaintiff signed the acknowledgment on the offer letter sent to her which unequivocally stated that she was an exempt employee and that she would not be paid any overtime. Plaintiff's signed acknowledgment leaves zero doubt in this case that her salary was intended to compensate her for all hours worked and that there was no expectation that any amount of overtime would be paid. Indeed, Plaintiff expressly admits in her complaint that "Crown Castle never paid Plaintiff overtime premium pay." Complaint, ¶18. Given that Plaintiff signed an offer letter stating that she would not be paid overtime and now asserts that she was not be paid overtime, Seventh Circuit law impels a "half-time" damages calculation.

Further, Plaintiff will also not be able to grossly inflate her "regular rate" by using 40 hours as the divisor for purposes of overtime calculations. Indeed, if Plaintiff asserts that she worked 60 hours, then *60 hours* must be the divisor for determining the regular rate for overtime purposes (not 40 as Plaintiff claims). *See* 29 C.F.R. §778.109 ("The regular hourly rate of pay of an employee is determined by dividing the total remuneration for the employment in any workweek for which such compensation was paid.") Seventh Circuit law is clear on that point— indeed, in *Urnikis-Negro* the Court specifically rejected Plaintiff's attempt to calculate the regular rate by using 40 hours as the divisor instead of the actual hours worked. *Id.* at 681 ("the employer's regular rate of pay for a given week is calculated by dividing the fixed weekly wage by the total number of hours worked that week"); *accord Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313 (10th Cir. 2011) (holding "the FLSA hourly regular rate is calculated by dividing the relevant weekly compensation by the actual hours worked, rather than the normal workweek.")

It is also objectively impossible for Plaintiff to have worked 60 hours in each and every week she was employed by Crown Castle. While it is possible that there will be some dispute about

EXHIBIT 2

Nicholas C. Syregelas
Kyle R. Kasmarick
September 4, 2015
Page 4

**Ogletree Deakins**

the hours Plaintiff actually worked for Crown Castle, no credible argument can be made that she worked 60 hours each and every week for Crown Castle.

Lastly, Plaintiff cannot recover both liquidated damages under the FLSA and a 2% penalty under the IMWL as that would constitute a prohibited double recovery. *See, e.g., Villanueva v. Falcon Construction Company, Inc.*, 2010 WL 1577277 at *5 (N.D. Ind. 2010) (recovery under both state law and the FLSA for the same overtime claim amounts to impermissible double recovery).

Therefore, applying this settled case law to Plaintiff's circumstance, her maximum, best case recovery would be calculated using the half-time method as follows:

- $1500/week/60 hours = $25/hour
- ½ time = $12.50/hour
- $12.50 x 20 hours = $250/week
- $250/ x 2 (FLSA liquidated damages) = $500 per week
- $500/week x 43 weeks = $21,500
- 2% penalty X $500 X 43 weeks = $430
- $21,500 + $430 = $21,930

As you can see, Defendant's offer of $100,000 is nearly *five times* what Plaintiff reasonably can expect to recover in this litigation (even if she prevails on her exempt status, which Defendant vigorously disputes).

## IV.    The Consequences of Refusing an Offer of Full Relief

The Seventh Circuit has repeatedly emphasized the import and consequences of offers of judgment. *See Greiz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999) (stating, where a plaintiff turned down an offer of judgment, "so by spurning the defendant's offer [of judgment] [plaintiff's counsel] shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them and [his client] lost $1,200.") Accordingly, the Seventh Circuit recently confirmed that an unaccepted offer of judgment for full relief may give rise to the affirmative defense akin to estoppel or waiver sufficient to dismiss the suit on the merits or may render Plaintiff a "bad class representative" for class purposes. *Chapman v. First Index, Inc.*, 2015 WL 4652878 (7th Cir., Aug. 6, 2015). In addition, as set forth above, because Plaintiff will be unable to recover in excess of the offer of judgment should the case proceed, she may be cut off from recovering additional attorneys' fees and costs beyond the date that the offer was made. In short, Plaintiff's counsel runs the very real risk of working the remainder of this lawsuit without being able to invoke the fee shifting otherwise permitted by the FLSA, and Plaintiff runs the very real risk of being liable not only for her own litigation costs moving forward, but Defendant's costs as well. In a case like this, where multiple depositions are likely to occur, those costs will mount quickly and be substantial.

EXHIBIT 2

Nicholas C. Syregelas
Kyle R. Kasmarick
September 4, 2015
Page 5

Ogletree
Deakins

       We trust that you will discuss these important issues with your client. Once you have done so, we suggest that we sit down in person to discuss this matter.

Very truly yours,

Harry J. Secaras

Michael D. Ray

Attorneys for Crown Castle USA, Inc.

HJS:jz

EXHIBIT 2

# CROWN CASTLE

| | |
|---|---|
| Crown Castle | Tel 724-416-2000 |
| 2000 Corporate Drive | Fax 724-416-2200 |
| Canonsburg, PA 15317 | www.crowncastle.com |

OFFER OF EMPLOYMENT

March 28, 2014

Teresa Wojcik

FROM: Mary Turbiner
POSITION: Construction Manager
AREA/FUNCTION: Midwest
OFFICE LOCATION: Chicago, IL (Schaumburg)
TENTATIVE START DATE: April 14, 2014

I am pleased to offer you the position of Construction Manager with Crown Castle, a full-time position reporting directly to Mike Lavicka. This is an exempt position that is not eligible for overtime. I am confident you will find your employment with Crown Castle to be both a rewarding and exciting experience. This offer is contingent upon Crown Castle's reviewing and approving, in its sole discretion, the results of your background verification and pre-employment drug screening. Should you accept this job offer and satisfy these conditions and the other conditions described below, you will be eligible to receive the following:

BASE SALARY COMPENSATION: $78,000 annually, paid bi-weekly according to Crown Castle's payroll schedule and subject to customary withholdings.

ANNUAL INCENTIVE: You will be eligible to earn an annual incentive payment. The annual incentive for this position, at 100% targeted achievement, will be 15% of your current base salary compensation, with the opportunity to earn 0% ($0) to 150% of this target, based on your personal and overall Crown Castle International Corp ("CCIC") financial performance. The annual incentive may be prorated based on your start date. The administration and payment of the annual incentive will be in accordance with the applicable CCIC Annual Incentive Plan.

BENEFITS: Below is a summary of some of the benefits presently offered by Crown Castle. The benefits are described in more detail in the Employee Benefits Summary Guide included herein.

- PERSONAL TIME OFF – Effective the first of the month following your date of hire you will begin to accrue Personal Time Off at the rate of 10.67 hours per month. Accrued Personal Time Off is not earned until you have completed 90 days of employment. During your first full calendar year of employment you will accrue a total of 128 hours which is equal to 16 days of Personal Time Off. You are eligible to carry over up to 120 hours of Personal Time Off annually.

Exhibit 2-A

- HEALTH CARE PROGRAM – You are eligible to participate in Crown Castle's health care program, which includes medical, dental and vision care coverage, effective on the first day of the month following your start date.

- LIFE INSURANCE – You will receive coverage in the amount equal to one and a half times your base salary compensation at no cost to you. You are eligible to purchase supplemental life insurance in an amount of up to the lesser of five times your annual base salary compensation or $500,000. Life insurance benefits become effective on the first day of the month following your start date.

- 401(k) RETIREMENT PLAN – If you are at least 21 years old, you will be automatically enrolled in the CCIC Employee 401(k) Plan on the first of the month following 3 months of service. Your default contribution rate will be 3% of your base salary compensation and your default investment selection will be the Smart Fund aligned by your age. While Crown Castle strongly encourages its employees to participate in this plan, in the event that you do not wish to enroll, you may opt out.

CONFIDENTIALITY AGREEMENT: You will be required, as a condition of your employment, to sign Crown Castle's Confidentiality Agreement without modification. A copy has been enclosed with this offer of employment.

BACKGROUND VERIFICATION: Crown Castle, at its sole discretion, may undertake further job-related investigations conducted by a third party consumer reporting agency, including, but not limited to: educational verification, criminal background check (county, state and federal), credit check, drug screen and motor vehicle report. You will be required to sign a Disclosure and Authorization to Obtain Information in order for us to conduct the various background checks. A copy has been enclosed with this offer of employment.

IMMIGRATION REFORM AND CONTROL ACT OF 1986: Your employment is also contingent upon your ability to establish employment eligibility under the Immigration Reform and Control Act of 1986. You should bring with you, on your first day, acceptable documentation to establish your eligibility to work in the United States. If you cannot produce acceptable documentation within 3 days of commencement of employment, your employment will not be continued.

Please be advised that this offer will expire 3 business days from the date of this offer.

If you decide to accept this position, the following enclosed documents must be completed, signed, dated, and submitted prior to offer expiration:

1. This offer of employment, in its entirety and without modification
2. Confidentiality Agreement, in its entirety and without modification
3. Disclosure and Authorization to Obtain Information
4. Personnel Supplemental Data Form
5. Form W-4

Please fax or email these documents to the Human Resources Department (███████████
██████████████████. Please reference the New Hire Checklist enclosed for further instructions on document submission.

Exhibit 2-A

I look forward to working with you.  Please contact me with any questions.

I ACKNOWLEDGE RECEIPT OF THIS LETTER AND I ACCEPT THE POSITION OFFERED.

Signature: _____Teresa Wojcik_____

Date: _____3-28-14_____

Enclosures

Exhibit 2-A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERESA WOJCIK, on behalf of herself and all )
others similarly situated,                   )
                                             )         Case No. 15-cv-02612
                              Plaintiffs,    )
v.                                           )
                                             )
CROWN CASTLE USA, INC.,                      )
                                             )
                              Defendants.    )

**PLAINTIFF'S  RESPONSE TO DEFENDANT CROWN CASTLE USA INC.'S
FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

NOW COMES the Plaintiff, TERESA WOJCIK, and for her response to Defendant's

First Set of Request for Admissions to Plaintiff Teresa Wojcik pursuant to Rule 36 of the

Federal Rules of Civil Procedure, states as follows:

1.     Admit that the document attached as **Exhibit A** is a true and correct copy of

the March 28, 2014 offer letter for the Construction Manger position that you received and

that you signed the March 28, 2014 letter acknowledging receipt of the letter and accepting

the Construction Manager position.

**RESPONSE: Admitted.**

2.     Admit that you understood that the Construction Manager Position with

Crown Castle was classified by Crown Castle position as an exempt position and was not

eligible for overtime pay.

**RESPONSE: Objection as this Request to Admit is vague and ambiguous and does not

identify timeframe for Plaintiff's "understanding."   Without waiving this objection,

denied.  Plaintiff further states that at the time she signed the March 28, 2014 offer

letter attached as Exhibit A, that letter stated "this is an exempt position that is not

eligible for overtime."  She denies that she understood that Crown Castle was making a**

Exhibit 2-B

**legal classification that the position was exempt under the FLSA and that it was not eligible for overtime pay and therefore denies the request in its entirety.**

3.      Admit that the salary paid to you by Crown Castle for your work as a Construction Manager was intended to compensate you for all hours work.

**RESPONSE: Objection as this Request to Admit is vague and ambiguous and does not identify who intended the salary to compensate Plaintiff for all hours worked. Without waiving this objection, denied. Plaintiff further states that she did not intend for the salary she received to compensate her for all hours worked as it did not compensate her for hours worked in excess of 40 hours in an individual work week. Plaintiff therefore denies the request in its entirety.**

4.      Admit that you were aware that you would not receive additional compensation from Crown Castle for your work as a Construction Manager when you worked in excess of 40 hours in an individual work week.

**RESPONSE: Objection as this Request to Admit is vague and ambiguous and does not indentify a point in time for Plaintiff's "awareness." Without waiving this objection, denied.**

Respectfully submitted,

_____
Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900

Exhibit 2-B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERESA WOJCIK, on behalf of herself and all** | ) | |
| **others similarly situated,** | ) | |
| | ) | **Case No. 15-cv-02612** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | |
| **CROWN CASTLE USA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 13, 2015, the foregoing **Plaintiff's Response to Defendant Crown Castle USA Inc.'s First Set of Requests for Admission to Plaintiff** was served via electronic delivery and regular mail, proper postage pre-paid on:

> Harry J. Secaras
> Michael D. Ray
> Colleen G. DeRosa
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> 155 North Wacker Drive, Suite 4300
> Chicago, Illinois 60606
> Harry.Secaras@ogletreedeakins.com
> Michael.Ray@ogletreedeakins.com
> Colleen.DeRosa@ogletreedeakins.com

_____
Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900

Exhibit 2-B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TERESA WOJCIK, on behalf of herself and all others similarly situated,** | ) ) ) |
| **Plaintiffs,** | ) ) **Case No. 15-cv-02612** |
| **v.** | ) ) |
| **CROWN CASTLE USA, INC.,** | ) ) |
| **Defendants.** | ) ) |

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

NOW COMES the Plaintiff, TERESA WOJCIK, and providing her Rule 26(a)(1) Initial Disclosures, based upon information currently known and available and subject to all objections and reservations maintained herein, states as follows:

**(i)      The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.      Plaintiff Teresa Wojcik



Subjects of information include damages, employment classification, hours worked, compensation paid, job duties of Construction Managers and similarly situated employees, and the names of other individuals with discoverable information.

2.      Jorge Rivero
Dionette White
Mitchell Wortz
Jason Weinmann
Edward Mitchell
Michael Olcese
Patrick Herbst

Exhibit 2-C

Phone and addresses unknown. Current or past Construction Managers at Crown Castle. Subjects of information include employment classification, hours worked, compensation paid, job duties of Construction Managers and similarly situated employees, and the names of other individuals with discoverable information.

3.    Mike Lavicka

Phone and address unknown. Implementation Manager for Crown Castle. Subjects of information include the job duties of Construction Managers and similarly situated employees, hours worked, policies and procedures of Crown Castle, and the names of other individuals with discoverable information.

Plaintiff may also use to support its claims any individual disclosed by either party in discovery, any individual identified in Defendants Rule 26(a)(1) Disclosures, any individual who join this case, and any person individual deposed as part of this case.

**(ii).    A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.    Plaintiff's personal cell phone records maintained by her carrier.

2.    Documents identified or produced in Defendant's Rule 26(a)(1) Initial Disclosures;

3.    Documents produced by the parties in discovery;

Investigation continues.

**(iii).    A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under Rule 34 or other evidentiary material, unless privileged or protected from disclosure, on which**

Exhibit 2-C

**each computation is based, including material bearing on the nature and extent of injuries.**

Damages allowed by the Illinois Minimum Wage Act and Fair Labor Standards Act including back wages, statutory penalties, and attorney's fees. For back wages, Plaintiff contends the appropriate calculation of the hourly rate owed is her weekly salary divided by a 40 hour work week, multiplied by 1.5 and that this amount is owed for each hour of overtime she worked but was not paid due to her misclassification as exempt. Under the IMWL she is owed additional damages of 2% of the amount of all underpayments for each month those underpayments remain unpaid and under the FLSA she is owed damages of twice the amount of the underpayment. Under both the FLSA and IMWL she is further entitled to costs and reasonable attorneys fees, which are ongoing.

**(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Plaintiff reserves the right to supplement, amend or otherwise alter the foregoing initial disclosures as more information becomes available or as otherwise necessary. Plaintiff reserves all objections to the admissibility of information disclosed herein on any grounds including without limitation privilege, relevance and hearsay.

Respectfully submitted,

By: /s/: Nicholas C. Syregelas
Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900

Exhibit 2-C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERESA WOJCIK, on behalf of herself and all others similarly situated,** | ) ) | |
| | ) | **Case No. 15-cv-02612** |
| **Plaintiffs,** | ) | |
| **v.** | ) ) | |
| **CROWN CASTLE USA, INC.,** | ) ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 1, 2015, the **Plaintiff's Rule 26(a)(1) Initial Disclosures** was served via regular mail on:

> Harry J. Secaras
> Michael D. Ray
> Colleen G. DeRosa
> OGLETREE, DEAKINS, NASH,
> SMOAK&STEWART, P.C.
> 155 North Wacker Drive, Suite 4300
> Chicago, Illinois 60606

> By: /s/: Nicholas C. Syregelas
> Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900

Exhibit 2-C

LAW OFFICES OF
## NICHOLAS C. SYREGELAS
FIRST FLOOR
19 NORTH GREEN
CHICAGO, ILLINOIS 60607
——
(312) 243-0900
FAX (312) 243-0901
ns@syregelaslaw.com

NICHOLAS C. SYREGELAS
PETER A. PAPOUTSIS
KYLE R. KASMARICK

September 11, 2015

**VIA EMAIL AND**
**REGULAR MAIL**
Harry Secaras
Michael Ray
Ogletree Deakins
155 N. Wacker Drive
Suite 4300
Chicago, IL 60606

RE:     *Wojcik v. Crown Castle*

Dear Harry and Michael:

This is in follow-up to your prior offer of judgment and September 4, 2015 letter related thereto.  First, regarding your paragraph on the consequences of Rule 68 Offer of Judgment, I suspect we are equally aware the law you cited regarding "costs" under Rule 68(d) to include attorneys fees is not applicable in the present case.  The cases you cite, Sanchez and Marek, and all other cases on this issue are clear.  "A spurned Rule 68 offer, followed by a lower recovery at trial, precludes an award of costs (including attorneys' fees, *when a statute defines them as part of costs*). . ."  Cole v. Wodziak, 169 F.3d 486, 487 (7th Cir. 1999) (Emphasis added).  However, the Fair Labor Standards Act, relevant here, provides that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, *and* costs of the action." 29 U.S.C. §216(b) (Emphasis added).  In Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994), an FLSA case, the defendant argued, as is suggested in your letter, that because the plaintiff recovered less at trial than the defendant had offered in settlement, the plaintiff could not recover attorney fees incurred after the offer was made.  The Court disagreed, ruling that unlike in Marek, the FLSA did not include attorney fees as costs but allowed for their recovery as a separate claim. Id. at 1135.  Thus, while a "lesser" recovery may cut-off costs in the present case, attorneys fees incurred all the way through judgment will be recovered.

**EXHIBIT 3**

I also suspect that both your office and your clients are well aware of the pending case of <u>Louis Vassallo, et al., v. Goodman Networks, Inc.</u>, No. 4:15-cv-00097 (E.D. Tex). Goodman Networks is surely well known to your client being in the same industry and its Construction Managers, who brought the class action, have primary job responsibilities nearly identical to those of Crown Castle's Construction Managers. The <u>Vassallo</u> case received conditional certification earlier this summer.

Very truly yours,

Nicholas C. Syregelas

\

EXHIBIT 3

| | |
|---|---|
| **From:** | Secaras, Harry J. |
| **To:** | Kyle R. Kasmarick; Nicholas C. Syregelas |
| **Cc:** | Ray, Michael D.; DeRosa, Colleen G. |
| **Subject:** | RE: Wojcik v. Crown Castle [ODNSS-OGL.041622.000001] |
| **Date:** | Wednesday, September 16, 2015 8:42:55 AM |

Nick and Kyle:

Thank you for your email and letter last Friday.

Although implied by the letter attached to your email of September 11, 2015, please confirm specifically in writing that Ms. Wojcik is rejecting the Offer of Judgment that has been tendered to her. Should there be no further response received by 5:00 p.m. on Friday, September18, 2015, we will consider the offer to have lapsed by its terms.

Pursuant to Rule 37, we are prepared to meet and confer regarding Defendant's responses to discovery. To date, however, we have not received Plaintiff's answers to interrogatories or responses to requests for the production of documents which also were due on September 11, 2015. In order to proceed more efficiently, we would suggest that those discovery responses be provided and that we have an opportunity to review them so that we can determine whether there are Rule 37 issues to be discussed as well. Please advise as to when those responses will be tendered and provide us with dates thereafter when you are available to meet to discuss.

When we meet, we can further discuss whether settlement discussions are warranted at this time and how we might proceed.

Harry

**Harry J. Secaras | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606 | Telephone: 312-558-1254 | Mobile: 312-533-1991
harry.secaras@ogletreedeakins.com | www.ogletreedeakins.com | Bio

---

**From:** Kyle R. Kasmarick [mailto:kkasmarick@syregelaslaw.com]
**Sent:** Friday, September 11, 2015 4:59 PM
**To:** DeRosa, Colleen G.; Nicholas C. Syregelas
**Cc:** Secaras, Harry J.; Ray, Michael D.
**Subject:** RE: Wojcik v. Crown Castle [ODNSS-OGL.041622.000001]

Counsel,

Exhibit 4

DECISION BELOW: 768 F.3d 871

LOWER COURT CASE NUMBER: 13-55486

QUESTION PRESENTED:

1. Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim.

2. Whether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified.

3. Whether the doctrine of derivative sovereign immunity recognized in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), for government contractors is restricted to claims arising out of property damage caused by public works projects.


CERT. GRANTED 5/18/2015

Exhibit 5



## SUPREME COURT
### OF THE UNITED STATES

Visiting the Court | Touring the Building | Exhibitions

Search:    All Documents    Docket                    **Advanced Search**

Enter Search Text:

Home | **Search Results**

≡

No. 14-857

Title:                  Campbell-Ewald Company, Petitioner

                        v.

                        Jose Gomez

Docketed:               January 20, 2015
Linked with 14A598
Lower Ct:               United States Court of Appeals for the Ninth Circuit
  Case Nos.:            (13-55486)
  Decision Date:        September 19, 2014
**Questions Presented**

~~~Date~~~  ~~~~~~~Proceedings  and  Orders~~~~~~~~~~~~~~~~~~~~

Dec 5 2014   Application (14A598) to extend the time to file a petition for a writ of certiorari from December 18,
             2014 to January 19, 2015, submitted to Justice Kennedy.

Dec 8 2014   Application (14A598) granted by Justice Kennedy extending the time to file until January 19, 2015.

Jan 16 2015  Petition for a writ of certiorari filed. (Response due February 19, 2015)

Feb 10 2015  Order extending time to file response to petition to and including March 23, 2015.

Feb 19 2015  Brief amici curiae of Chamber of Commerce of the United States of America, and Business
             Roundtable filed.

Mar 23 2015  Brief of respondent Jose Gomez in opposition filed.

Exhibit 6

| | |
|---|---|
| Apr 7 2015 | Reply of petitioner Campbell-Ewald Company filed. |
| Apr 8 2015 | DISTRIBUTED for Conference of April 24, 2015. |
| Apr 13 2015 | Supplemental brief of respondent Jose Gomez filed. (Distributed) |
| Apr 14 2015 | Response to supplemental brief of respondent from petitioner filed. (Distributed) |
| Apr 23 2015 | Rescheduled. |
| Apr 27 2015 | DISTRIBUTED for Conference of May 1, 2015. |
| May 4 2015 | DISTRIBUTED for Conference of May 14, 2015. |
| May 18 2015 | Petition GRANTED. |
| Jun 10 2015 | Consent to the filing of amicus curiae briefs in support of either party or of neither party received from counsel for the respondent. |
| Jun 23 2015 | The time to file the joint appendix and petitioner's brief on the merits is extended to and including July 16, 2015. |
| Jun 23 2015 | The time to file respondent's brief on the merits is extended to and including August 24, 2015. |
| Jun 30 2015 | Consent to the filing of amicus curiae briefs, in support of either party or of neither party, received from counsel for the petitioner. |
| Jul 16 2015 | Joint appendix filed. (Statement of costs filed) |
| Jul 16 2015 | Brief of petitioner Campbell-Ewald Company filed. |
| Jul 21 2015 | Brief amici curiae of DRI - The Voice of the Defense Bar & PSC - The Voice of the Government Services Industry filed. |
| Jul 23 2015 | Brief amicus curiae of Washington Legal Foundation filed. |
| Jul 23 2015 | Brief amicus curiae of Consumer Data Industry Association filed. |
| Jul 23 2015 | Brief amicus curiae of The National Black Chamber of Commerce filed. |
| Jul 23 2015 | Brief amicus curiae of National Defense Industrial Association filed. |
| Jul 23 2015 | Brief amicus curiae of KBR, Inc. filed. |
| Jul 23 2015 | Brief amici curiae of The Chamber of Commerce of the United States of America and Business Roundtable filed. |
| Jul 23 2015 | Brief amicus curiae of Lawyers for Civil Justice filed. |
| Jul 23 2015 | Brief amicus curiae of Trans Union LLC filed. |
| Jul 29 2015 | SET FOR ARGUMENT on Wednesday, October 14, 2015. |
| Aug 12 2015 | Record requested from U.S.C.A. 9th Circuit. |
| Aug 12 2015 | The record from U.S.C.A. 9th Circuit is electronic and located on PACER. Part of the record received is SEALED. |
| Aug 12 2015 | The record from U.S.D.C. Central Dist. of CA. Western Div.- Los Angeles is electronic and located on PACER. Part of the record received is SEALED. |
| Aug 24 2015 | Brief of respondent Jose Gomez filed. (Distributed) |
| Aug 27 2015 | Brief amicus curiae of Constitutional Accountability Center filed. |
| Aug 31 2015 | Brief amicus curiae of the United States filed. (Distributed) |
| Aug 31 2015 | Brief amicus curiae of National Right to Work Legal Defense Foundation, Inc. filed. (Distributed) |
| Aug 31 2015 | Brief amici curiae of Legal Aid Society of the District of Columbia, et al. filed. (Distributed) |
| Aug 31 2015 | Motion of the Solicitor General for leave to participate in oral argument as amicus curiae and for divided argument filed. |
| Aug 31 2015 | CIRCULATED |
| Aug 31 2015 | Brief amicus curiae of American Federation of Labor and Congress of Industrial Organizations filed. (Distributed) |
| Aug 31 2015 | Brief amici curiae of Public Justice, P.C. and AARP Foundation Litigation filed. (Distributed) |

Exhibit 6

Aug 31 2015  Brief amicus curiae of NECA-IBEW Welfare Trust Fund filed. (Distributed)

Aug 31 2015  Brief amici curiae of National Employment Lawyers Association, et al. filed. (Distributed)

Sep 22 2015  Reply of petitioner Campbell-Ewald Company filed. (Distributed)

| ~~Name~~~~~~~~~~~~~~~~~~~~ | ~~~~~~~Address~~~~~~~~~~~~~~~~~~~ | ~~Phone~~~ |
|---|---|---|
| **Attorneys for Petitioner:** | | |
| Gregory G. Garre | Latham & Watkins, LLP | (202) 637-2207 |
|    Counsel of Record | 555 11th Street, N.W. | |
| | Suite 1000 | |
| | Washington, DC  20004 | |
| | gregory.garre@lw.com | |
| Party name: Campbell-Ewald Company | | |
| **Attorneys for Respondent:** | | |
| Jonathan F. Mitchell | 434 Galvez Mall | (650) 723-1397 |
|    Counsel of Record | Room 301 HHMB | |
| | Stanford, CA  94305 | |
| | jfmitche@stanford.edu | |
| Party name: Jose Gomez | | |
| | | |
| Michael J. McMorrow | McMorrow Law PC | (312) 265-0708 |
| | One N. LaSalle Street, 44th Floor | |
| | Chicago, IL  60602 | |
| | mike@mjmcmorrow.com | |
| Party name: Jose Gomez | | |
| **Other:** | | |
| Raymond B. Biagini | Covington & Burling LLP | (202) 662-6000 |
| | One City Center | |
| | 850 Tenth Street, NW | |
| | Washington, DC  20001-4956 | |
| | rbiagini@cov.com | |
| Party name: National Defense Industrial Association | | |
| | | |
| Theodore J. Boutrous Jr. | Gibson, Dunn & Crutcher LLP | (202) 955-8500 |
| | 1050 Connecticut Avenue, NW | |
| | Washington, DC  20036 | |
| | tboutrous@gibsondunn.com | |
| Party name: Chamber of Commerce of the United States of America and Business Roundtable | | |
| | | |
| Paul D. Clement | Bancroft PLLC | (202) 234-0090 |
| | 500 New Jersey Avenue NW | |
| | Seventh Floor | |
| | Washington, DC  20001 | |
| | pclement@bancroftpllc.com | |
| Party name: KBR, Inc. | | |

Exhibit 6

| | | |
|---|---|---|
| Paul D. Clement | Bancroft PLLC | (202) 234-0090 |
| | 500 New Jersey Avenue NW | |
| | Seventh Floor | |
| | Washington, DC 20001 | |
| | pclement@bancroftpllc.com | |

Party name: KBR, Inc.

| | | |
|---|---|---|
| Alexander R. Dahl | Brownstein Hyatt Farber Schreck, LLP | (202)-747-0508 |
| | 1350 I Street, NW, Suite 510 | |
| | Washington, DC 20005 | |
| | Adahl@bhfs.com | |

Party name: Lawyers for Civil Justice

| | | |
|---|---|---|
| Lawrence S. Ebner | Dentons US LLP | (202) 496-7500 |
| | 1900 K Street NW | |
| | Washington, DC 20006 | |
| | lawrence.ebner@dentons.com | |

Party name: DRI - The Voice of the Defense Bar & PSC - The Voice of the Government Services Industry

| | | |
|---|---|---|
| Matthew J. Ginsburg | 815 Sixteenth Street, NW | (202)-637-5397 |
| | Washington, DC 20006 | |

Party name: American Federation of Labor and Congress of Industrial Organizations

| | | |
|---|---|---|
| Andrew M. Grossman | Baker & Hostetler LLP | (202)-861-1697 |
| | Washington Sq., Suite 1100 | |
| | 1050 Connecticut Avenue, N.W. | |
| | Washington, DC 20036 | |
| | agrossman@bakerlaw.com | |

Party name: The National Black Chamber of Commerce

| | | |
|---|---|---|
| Adam W. Hansen | 4600 IDS Center | (612) 256-3207 |
| | 80 South 8th St. | |
| | Minneapolis, MN 55402 | |
| | ahansen@nka.com | |

Party name: National Employment Lawyers Association, et al.

| | | |
|---|---|---|
| Eric A. Isaacson | Robbins Geller Rudman & Dowd LLP | (619) 231-1058 |
| | 655 West Broadway, Suite 1900 | |
| | San Diego, CA 92101 | |
| | erici@rgrdlaw.com | |

Party name: NECA-IBEW Welfare Trust Fund

| | | |
|---|---|---|
| Jason L. Lichtman | 250 Hudson Street 8th Floor | (212)-355-9500 |
| | New York, NY 10013 | |
| | jlichtman@lchb.com | |

Party name: Public Justice, P.C. and AARP Foundation Litigation

Exhibit 6

Robert A. Long Jr.                  Covington & Burling LLP                     (202) 662-6000
                                    OneCity Center, 850 Tenth Street, NW
                                    Washington, DC  20001
                                    rlong@cov.com

Party name: Consumer Data Industry Association

James C. Martin                     Reed Smith LLP                              (412) 288-3546
                                    225 Fifth Avenue, Suite 1200
                                    Pittsburgh, PA  15222
                                    jcmartin@reedsmith.com

Party name: Trans Union LLC

David A. Reiser                     Zuckerman Spaeder LLP                       (202) 778-1800
                                    1800 M Street, N.W.
                                    Suite 1800
                                    Washington, DC  20036
                                    dresier@zuckerman.com

Party name: Legal Aid Society of the District of Columbia, et al.

Richard A. Samp                     Washington Legal Foundation                 (202) 588-0302
                                    2009 Massachusetts Avenue, N.W.
                                    Washington, DC  20036
                                    rsamp@wlf.org

Party name: Washington Legal Foundation

Donald B. Verrilli Jr.              Solicitor General                           (202) 514-2217
                                    United States Department of Justice
                                    950 Pennsylvania Avenue, N.W.
                                    Washington, DC  20530-0001
                                    SupremeCtBriefs@USDOJ.gov

Party name: United States

Elizabeth B. Wydra                  Constitutional Accountability Center        (202) 296-6889
                                    1200 18th St., N.W., Suite 501
                                    Washington, DC  20036
                                    elizabeth@theusconstitution.org

Party name: Constitutional Accountability Center

W. James Young                      c/o National Right to Work Legal Defense Fnd.   (703) 321-8510
                                    8001 Braddock Rd., Suite 600
                                    Springfield, VA  22160
                                    wjy@nrtw.org

Party name: National Right to Work Legal Defense Foundation, Inc.

Exhibit 6

September 29, 2015 | Version 2014.1

## Supreme Court of the United States

Exhibit 6