**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA WOJCIK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:15-cv-02612 |
| v. | ) ) | Honorable Gary Feinerman |
| CROWN CASTLE USA, INC., | ) ) | Magistrate Judge Sheila Finnegan |
| Defendants. | ) ) | |

**Defendant's Response to Plaintiff's Motion for Leave to File Redacted Documents Under Seal and For _In Camera_ Review**

**I.**     **Introduction**

On January 6, 2016, accompanying her reply brief in support of her Motion for Notice to Putative Class, Plaintiff filed a motion to file redacted documents under seal and provide unredacted documents for _in camera_ review. [Doc. #50]. Plaintiff provided redacted copies of the documents at issue to Defendant and provided redacted copies and sealed unredacted copies to the Court during a status hearing on January 7, 2016 pending Defendant's response to her motion. [1]

Plaintiff's motion concerns a declaration and related exhibit proffered by an individual stating that "he was previously employed as a Construction Manager at Crown Castle until his termination." [Doc. 50, ¶2]. This declarant asserts that he was offered a severance agreement upon being terminated from employment by Crown Castle. Plaintiff contends the declaration and exhibit, the severance agreement offered to this individual, demonstrate why a Notice to the putative class in this case is necessary, claiming that these documents show not only that putative

---

[1] On January 8, 2016, the Court entered an order allowing Plaintiff to file the documents at issue under seal. [Doc. 53]. Based on the discussion in open court at the January 7, 2016 status hearing, Defendant understands that this order is intended to facilitate Plaintiff's electronic filing of the document and that the Court reserves ruling on the motion. Plaintiff filed said documents on January 11, 2015. [Doc. 54.]

class members are aware of plaintiff's lawsuit but also that Crown Castle is surreptitiously attempting to urge "outgoing employees to release their claims without fully informing them of the rights they are waiving." [Doc. #49, p. 14.] Plaintiff further asserts that this unnamed individual "would be waiving his ability to serve as a class member in a suit against the company" and the agreement did not inform him that Plaintiff was paid much more than the offer of severance via an offer of judgment. *Id.*

Plaintiff contends that good cause exists to file redacted documents under seal and to provide only the Court (and not Defendant) with unredacted copies of the documents at issue in order to protect the identity of the declarant. Plaintiff's reasoning for wanting to protect the identity of the declarant includes protecting the declarant from retaliation by Defendant, protecting the declarant's identity from the general public (which might inhibit his future employment opportunity), and preventing Defendant from "picking off" this individual thereby precluding him from making "meaningful choice about his legal rights …." [Doc. 50, ¶7.] Further, Plaintiff contends that Defendant has an interest in keeping the documents, particularly the severance document, confidential and not a matter of public record.

As set forth below, Defendant is amenable to keeping the documents at issue under seal in order to protect disclosure of the declarant's identity and the terms of the severance agreement to the general public. Defendant, however, objects to limiting review of the unredacted documents to *in camera* because the declarant's identity is critical to Defendant's ability to evaluate the veracity of his declaration and its impact on Plaintiff's Motion for Notice to Putative Class.

## II.  <u>Argument</u>

At a minimum, Defendant must be allowed to verify that the statements contained in the declaration are true and relevant to Plaintiff's Motion for Notice to Putative Class. The redacted declaration provided to Defendant does not permit Defendant to conduct even a cursory verification of the facts asserted. Indeed, without more information, Defendant cannot confirm that the individual is a former Crown Castle Construction Manager employed in the State of Illinois during times relevant to Plaintiff's lawsuit. Significantly, the redacted declaration does not attest that the declarant was employed in Illinois or provide any information indicating the individual was employed as a Construction Manager within three years of the filing of Plaintiff's complaint. Since Plaintiff affirmatively asserted that this severance agreement concerned an individual within the putative class Plaintiff sought to represent, *see* Doc. 49, p.19 ("at least one class member has now confirmed that Crown Castle recently offered him a severance package…"), Defendant should be permitted to determine whether such assertions are true.

Defendant is amenable to an "attorneys' eyes only" review of an unredacted copy of the documents to confirm the veracity of the declaration.[2] Local Rule 26.2(e) requires production of an unredacted version of sealed materials to opposing counsel unless "otherwise ordered for good cause shown" and Defendant submits that there is no good cause here that would prevent disclosure of the unredacted documents to Defendant's counsel.

Given Defendant's willingness to limit review for "attorney's eyes only", good cause does not otherwise exist to limit review of the documents *in camera*. Defendant simply seeks information sufficient to verify the facts asserted in the declaration. Plaintiff makes sweeping

---

[2] Defendant disputes Plaintiff's allegations of the potential for "retaliation" against this former employee, and notes that Company policy pertaining to employment references is limited to neutral information such as dates of employment and last position held.

allegations concerning the import of the declaration and attachment, and Defendant should be allowed an opportunity to verify the facts as asserted by Plaintiff.[3]  To account for Plaintiff's concerns, Defendant has no objection to the filing of the documents under seal; however it requests "attorneys eyes only" review of the documents submitted to the Court *in camera* for purposes of verifying the facts as asserted by Plaintiff.

## III.  Conclusion

For the reasons set forth above, Defendant requests an opportunity for an "attorneys' eyes only" inspection of the documents Plaintiff intends to provide *in camera* for the Court's review.

DATED:  January 11, 2016                                    Respectfully submitted,


                                                       By:   /s/ Harry J. Secaras
                                                             One of the Attorneys for Defendant
                                                             CROWN CASTLE USA INC.

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile:  312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

---

[3] Plaintiff relies extensively on this redacted declaration in her reply brief, making the following broad assertions.  Doc. 49, p. 19 ("Wojcik's counsel has uncovered evidence that Crown Castle is urging outgoing employees to release any and all claims without fully informing them of the rights they are waiving."); ("at least one class member has now confirmed that Crown Castle recently offered him a severance package…"); ("Crown Castle is surreptitiously settling overtime claims without letting potential plaintiffs know the value of those claims in the hopes it would be required to pay out just a fraction of their worth.").  Nonetheless, it bears noting that Plaintiff's characterization of the severance agreement is wrong as a matter of law, as the agreement does not purport to release overtime claims and, in any event, FLSA and IMWL claims cannot be released by private agreements as a matter of law. *See, e.g., Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts … have refused to enforce wholly private settlements" of FLSA claims"); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 WL 1403007 at *7 (N.D. Ill. 2001) (holding purely private releases of IMWL claims are invalid).

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on January 11, 2016, a true and correct copy of the foregoing ***Defendant's Response to Plaintiff's Motion for Leave to File Redacted Documents Under Seal and For In Camera Review*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

THE LAW OFFICES OF NICHOLAS C. SYREGELAS
Nicholas C. Syregelas
Kyle R. Kasmarick
19 North Green Street
Chicago, IL 60607
*ns@syregelaslaw.com*
*kkasmarick@syregelaslaw.com*

EDELSON PC
Eve-Lynn J. Rapp
Rafey S. Balabanian
Benjamin H. Richman
Jay Edelson
Aaron Lawson
350 North LaSalle Street
Suite 1300
Chicago, IL 60654
erapp@edelson.com
rbalabanian@edelson.com
brichman@edelson.com
jedelson@edelson.com
*alawson@edelson.com*
***Attorneys for Plaintiff***

/s/ Harry J. Secaras

23489112.1

5